# Norfolk

## DENNIS LEE HUDSON

v.

## COMMONWEALTH OF VIRGINIA

No. 0978-88-1

Decided April 3, 1990

COUNSEL

Allan D. Zaleski (Robinson, Zaleski & Lindsey, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—Dennis Lee Hudson (appellant) appeals his bench trial conviction for statutory burglary and larceny. He argues that the trial court erred in refusing to grant his motion to disregard the Voluntary Sentencing Guidelines being tested[1] in a pilot program developed by six circuit court judges pursuant to the direction of the Virginia Supreme Court.

■ Immediately following his conviction, appellant moved for a presentence report as provided for in Code § 19.2-299. At the presentence hearing appellant made the following objection:

I want to note an objection to the guidelines in general. I think that they are in violation of section 19.2-299 which relates to preparation and use of presentence reports by the Court . . . the Court should ignore the guidelines and not use them at all . . . . The section 19.2-299 covers the preparation and use of presentence reports. It says the purpose is to use [them] in order that the Court can be fully advised as to an appropriate sentence to be imposed. I seize on the word fully.

---

[1] The Circuit Court of the City of Norfolk is one of the six courts specifically selected to test the guidelines.

> If the Court is fully advised by the presentence report and testimony at the hearing, it should not have anything else to use in the sentencing process . . . . The use of the guidelines is not authorized by statute. . . . by inference cannot be used by statute. Therefore, we would object to the attachment of the three guideline sheets to the presentence report.

In overruling appellant's motion, the trial court responded that the "guidelines as we have them now are not binding but used as a tool. Another factor that can be considered and the Judge can use as he sees fit." That response reflects the clear intent of the Judicial Sentencing Guidelines Oversight Committee, the committee of six circuit court judges and, significantly, that of the Supreme Court of Virginia. We reject appellant's contention that use of the voluntary sentencing guidelines violates Code § 19.2-299; thus, we affirm the judgment of the trial court.

Appellant argues that the provisions of Code § 19.2-299 prohibit the use of guidelines instituted by judicial edict, and asserts that if a pilot program involving sentencing guidelines is to be instituted it only can be by legislative action, not by judicial implementation. We find no such prohibition in Code § 19.2-299. The portion of that statute relied on by appellant provides in pertinent part:

> INVESTIGATIONS AND REPORTS BY PROBATION OFFICERS IN CERTAIN CASES. — A. when a person is tried upon a felony charge and is adjudged guilty of such charge, the court may, or on the motion of the defendant shall, before imposing sentence direct a probation officer of such court to thoroughly investigate and report upon the history of the accused and all other relevant facts, to fully advise the court so the court may determine the appropriate sentence to be imposed.

The legislature has set the range for punishment for those who violate the larceny and statutory burglary code provisions. In establishing the sentencing range it endowed the trial court with inherent and discretionary power to impose appropriate sentences. Here, the sentence was not only within the range set by the legislature, it was less than the average sentence for the offense as specified by the guidelines. If the sentence is within the range set by the legislature, an appellate court will not interfere with the

judgment. In *McCann v. Commonwealth*, 174 Va. 429, 448, 4 S.E.2d 768, 775 (1939), the Court said:

It is an established rule in this jurisdiction that when the punishment ascertained by the jury is within the limitations fixed by the statute governing the crime charged in the indictment, this court will not interfere with a judgment carrying into effect the verdict of the jury.

*See also Perry v. Commonwealth*, 208 Va. 283, 289, 156 S.E.2d 566, 571 (1967).

 Moreover, Code § 19.2-299 provides that the probation officer shall, among other things, report "all other relevant facts." A relevant "other fact" may well be information concerning the average sentence imposed on others convicted of similar crimes. If, as appellant argues, the word "fully" contained in Code § 19.2-299 means the trial court "should not have anything else to use in the sentencing process" except the probation report, the trial court would not be able to consider the evidence heard during the course of the trial. We hold that, in enacting Code § 19.2-299, the legislature did not intend to thus limit the trial court. When the sentence imposed by the trial court is within the statutory range established by the legislature, use of the guidelines as a "tool" to assist the court in determining the appropriate sentence does not violate Code § 19.2-299.

For the reasons stated, we affirm the judgment of the trial court.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.