## Norfolk

JAMES CURTIS ROBINSON, s/k/a
JAMES C. ROBINSON, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0877-90-1

Decided January 21, 1992

COUNSEL

Anthony L. Montagna, Jr., for appellant.

Richard B. Smith, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—The appellant, James Curtis Robinson, was convicted of two counts of possession of cocaine with intent to distribute in violation of Code § 18.2-248. The punishment provided by the statute is confinement in the penitentiary for not less than five nor more than forty years and a fine not exceeding $100,000. For the first offense, which occurred April 13, 1988, the appellant was sentenced to fifteen years in the state penitentiary, with ten years to serve and five years suspended, and to pay a fine of $1,000. For the second offense, which occurred December 1, 1988, he was sentenced to twenty-five years in the penitentiary, with twenty years to serve and five years suspended, and to pay a fine of $1,000. On appeal, he does not contest his convictions, but contends that his sentences were erroneous because they departed from the Voluntary Sentencing Guidelines then being used on a discretionary basis in the trial court. We find no error and affirm the judgment of the trial court.

Upon the appellant's conviction and preparatory to sentencing, the trial court ordered a presentence report pursuant to Code § 19.2-299. As part of that report, the probation officer calculated the range of punishment provided by the Voluntary Sentencing Guidelines for the two charges embraced by this appeal and other charges to which the appellant pleaded guilty and was sentenced pursuant to a plea agreement. The guidelines indicated confinement for not less than seven years, eleven months, nor more than fifteen years, seven months, with a midpoint of eleven years, eleven months. The trial judge noted under the heading of Departure Information, "Substantial amount of cocaine. Evidence of

many years activity in selling drugs. Evidence of millions of dollars involved."

The appellant contends that the trial court erred in departing from the range of sentence provided by the guidelines. However, that is not the argument that he presented to the trial court. His attorney argued:

> I think we are in agreement as to what the guidelines are as to the charges for which I represent Mr. Robinson, and I would submit to the court that guideline sentencing might be appropriate in other cases, but I don't really think with his physical condition that the court should follow the guidelines, certainly not to go up to the high end. . . . But I would ask the court that certainly the guidelines, in my judgment, the midpoint certainly would be an optional punishment, if the court were predisposed not to take into consideration Mr. Robinson's physical condition. . . I would ask the court to place Mr. Robinson on probation . . . . I don't believe that society will be helped by imposing a sentence greater than the midpoint on the sentencing guidelines . . . . I would ask the court to allow Mr. Robinson to return home with his family.

Assuming, but not deciding, that this argument can be construed to suggest to the trial court that it should feel bound by the guidelines or obliged to impose sentences which fell within their scope, we find that argument to be without merit. The issue raised on this appeal is settled by our decision in *Hudson v. Commonwealth*, 10 Va. App. 158, 390 S.E.2d 509 (1990). There we said:

> The legislature has set the range of punishment for those who violate the [criminal] code provisions. In establishing the sentencing range it endowed the trial court with inherent and discretionary power to impose appropriate sentences . . . . If the sentence is within the range set by the legislature, an appellate court will not interfere with the judgment.

*Id.* at 160-61, 390 S.E.2d at 510 (citation omitted). In *Hudson*, we approved the trial court's finding that the "guidelines as we have them now are not binding but used as a tool." They are a factor to be considered and used by the judge as he sees fit. *Id.* at 160, 390 S.E.2d at 510. In this case the trial judge stated his rea-

sons for departing from the scope of the guidelines. These reasons are supported by the record, and we perceive in them no abuse of discretion.

■ The appellant asks that we "overturn" *Hudson*. We are not disposed to do so. Under the rule of *stare decisis*, a decision by a panel of this court is an established precedent. *See Commonwealth v. Burns*, 240 Va. 171, 173-74, 395 S.E.2d 456, 457 (1990). We find nothing in the circumstances of this case leading us to believe that a departure from the precedent of *Hudson* is justified.

The judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Coleman, J., concurred.