## Salem

LARRY DARNELL BELCHER

v.

COMMONWEALTH OF VIRGINIA

No. 2256-91-3

Decided September 14, 1993

COUNSEL

Gilbert K. Davis, for appellant.

Thomas C. Daniel, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**—In this appeal, we must determine whether the trial judge erred in using the Voluntary Sentencing Guidelines (guidelines) in effect at the time of sentencing, rather than those in effect at the time the crime was committed, when the new guidelines permitted a harsher range of punishment. Because application of the guidelines is voluntary and the trial judge set the sentence within the range established by the legislature, we find no error and affirm.

Larry Darnell Belcher (Belcher) was indicted on seven charges of selling cocaine in violation of Code § 18.2-248. On May 16, 1991, upon waiving his right to a jury trial and entering conditional guilty pleas on all charges, Belcher was found guilty. After preparation of a presentence report, a sentencing hearing was held on November 19, 1991. The trial judge sentenced Belcher to five years imprisonment and a $500 fine on each of two convictions; six years imprisonment and a $500 fine on one conviction; and, on the remaining four convictions, five years imprisonment, suspended on each, and a $500 fine on each.

In fixing Belcher's punishment, the trial judge used the guidelines in effect at the time of sentencing. Those guidelines called for a sentencing range of twelve years and six months to twenty-three years and two months, with a mid-point of seventeen years and ten months. The guidelines in effect at the time the offenses were committed set a sentencing range of five years to twelve years and ten months, with a mid-point of eight years and ten months. Belcher's sentence of sixteen years was four years above the maximum under the old guidelines and just below the mid-point under the new ones. Therefore, Belcher correctly asserts that the trial judge's application of the new guidelines subjected him to an increased range of penalties.

The guidelines are not binding on the trial judge; rather, the guidelines are merely a "tool" to assist the judge in fixing an appropriate punishment. *Hudson v. Commonwealth,* 10 Va. App. 158, 161, 390 S.E.2d 509, 511 (1990); *see also Robinson v. Commonwealth,* 13 Va. App. 540, 542, 413 S.E.2d 661, 662 (1992). Consequently, application of the guidelines, either old or new, was voluntary. Moreover, our review of the sentencing determination here is limited to ascertaining whether the sentence falls within the range set by the legislature.

> The legislature has set the range of punishment for those who violate the [criminal] code provisions. In establishing the sentencing range it endowed the trial court with inherent and discretionary power to impose appropriate sentences. . . . If the sentence is within the range set by the legislature, an appellate court will not interfere with the judgment.

*Hudson,* 10 Va. App. at 160-61, 390 S.E.2d at 510.

Each of the seven convictions carried a permissible range of punishment from five to forty years. Code § 18.2-248(A). Belcher was sentenced to the minimum term of five years imprisonment on six of the seven convictions; he was sentenced to one year above the minimum on the other conviction. Moreover, all but sixteen years of the total of thirty-six years were suspended. Because the sentence imposed by the trial judge falls within the statutory range set by the legislature, the trial judge did not err in using the new guidelines as a factor to consider in determining punishment. Accordingly, we affirm Belcher's convictions.

*Affirmed.*

Moon, C.J., and Barrow, J., concurred.