COURT OF APPEALS OF VIRGINIA


Present: Judge Annunziata, Senior Judge Duff and
         Retired Judge Kulp[*]
Argued at Alexandria, Virginia


DELORES CHAVIRA PAYAN, A/K/A
 DELORES-ARMANDO PAYAN, A/K/A
 ARMANDO PAYAN CHAVIRA, A/K/A
 JOSE PALO PAYAN, A/K/A
 CHAUIRA DELORES PAYAN

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 2373-99-4          JUDGE ROSEMARIE ANNUNZIATA
                                         MAY 16, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF PAGE COUNTY
                  John J. McGrath, Jr., Judge

          S. Jane Chittom (Elwood Earl Sanders, Jr.,
          Appellate Defender; Public Defender
          Commission, on brief), for appellant.

          Richard B. Smith, Senior Assistant Attorney
          General (Mark L. Earley, Attorney General,
          on brief), for appellee.


     Delores Chavira Payan,[1] appellant, appeals his convictions

for possession with intent to distribute more than one half

ounce and less than five pounds of marijuana, and two counts of

---

[*] Retired Judge James E. Kulp took part in the consideration
of this case by designation, pursuant to Code § 17.1-400,
recodifying Code § 17-116.01.

[**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

[1] Payan has numerous aliases. He was indicted under the
name Delores Chavira Payan.

distribution of the same amount of marijuana,[2] on the ground that the trial court erred when it considered at the sentencing hearing, sua sponte, evidence the court refused to admit at the plea hearing as a basis for exceeding the sentences recommended by the voluntary sentencing guidelines established pursuant to Code §§ 17.1-805 and 19.2-298.01. We find no error and affirm his sentences.

BACKGROUND

At a plea hearing on April 7, 1999, Payan pled nolo contendere to the charges against him, and the court accepted his plea. During the hearing, the prosecution proffered the evidence it could have presented at trial. This evidence included, inter alia, three photographs of Payan showing him standing next to a large airplane at an unidentified location in Mexico. Payan objected that the photographs would be inadmissible because they were irrelevant to the charges. The court sustained the objection.

At the sentencing hearing held on June 28, 1999, the Commonwealth introduced evidence through the testimony of Investigator Alfred Buynar of the Page County Sheriff's Department. Buynar testified, inter alia, that Payan was an associate of an individual named Flores, who was known to engage

---

[2] Each count is a Class 5 felony. See Code § 18.2-248.1(a)(2).

- 2 -

in the distribution of illegal drugs brought to Virginia from the Texas-Mexico border.  The court asked Buynar to "describe" the photographs of Payan and the airplane in Mexico, which the court had rejected at the plea hearing.  Payan again objected, observing that the photos "weren't considered at the [plea hearing], and I don't see what they have to do with sentencing. If they were rejected at the [hearing], I don't see why [the court] ought to consider them now."  The court overruled the objection, stating only that "Your objection is noted, but overruled."

In imposing its sentence, the court noted that the sentencing guidelines were "purely voluntary" and that it found the guidelines on the distribution convictions "to be woefully inadequate under the circumstances," stating several reasons for its upward departure from them:

> [T]he circumstances, which were exacerbating
> in this case, are, number one, the large
> amount of contraband which the Defendant was
> arrested with, the large amount of money in
> his possession, the record of narcotics
> transactions, the evidence of being involved
> in an air-freight operation, numerous
> aliases that were used by him at different
> times, even in this proceeding, and false
> IDs a number of different false Ids,
> substantiate, in this Court's judgement, the
> seriousness of the crime.

(Emphasis added).  Other than the photographs of Payan with the airplane in Mexico, the Commonwealth adduced evidence that Payan was associated with an individual named Flores, known to be

- 3 -

engaged in the importation of illegal drugs into the Commonwealth from Mexico. The trial court's reference to such "an air-freight operation" therefore reflected its consideration of the photos it had previously found, on Payan's objection on grounds of relevancy, to be inadmissible on the issue of guilt.

Payan was sentenced to five years on each conviction, with the two distribution counts running concurrently, but consecutively with the possession count, which the court suspended. This appeal followed.

## ANALYSIS

"The sentencing guidelines are not binding on the trial judge." Hunt v. Commonwealth, 25 Va. App. 395, 404, 488 S.E.2d 672, 677 (1997) (citing Belcher v. Commonwealth, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993)). "Rather, they are a tool designed to assist the judge in fixing an appropriate punishment." Id. "If [a] sentence was within the range set by the legislature [for the crime of which the defendant was convicted], an appellate court will not interfere with the judgment." Hudson v. Commonwealth, 10 Va. App. 158, 160-61, 390 S.E.2d 509, 510 (1990).

During the sentencing phase of a bench trial, the court should hear relevant, admissible evidence related to punishment. See Runyon v. Commonwealth, 29 Va. App. 573, 576, 513 S.E.2d 872, 874 (1999) (citing Code § 19.2-295.1). "Determination of

- 4 -

the admissibility of such evidence lies within the sound discretion of the trial court."  Id. (citing Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). The court "'must be allowed to consider . . . all relevant evidence'" in the exercise of its discretion in sentencing. Shifflett v. Commonwealth, 26 Va. App. 254, 259, 494 S.E.2d 163, 166 (1997) (en banc) (quoting Jurek v. Texas, 428 U.S. 262, 271 (1976)).  Such evidence includes any "'responsible unsworn or "out-of-court" information relative to the circumstances of the crime . . . .'"  Harris v. Commonwealth, 26 Va. App. 794, 809, 497 S.E.2d 165, 172 (1998) (citations omitted); see Shifflett, 26 Va. App. at 259, 494 S.E.2d at 166 ("For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense . . . ."[3] (quoting Pennsylvania v. Ashe, 302 U.S. 51, 55

---

[3] In McClain v. Commonwealth, 189 Va. 847, 55 S.E.2d 49 (1949), the Supreme Court of Virginia observed:

> "Tribunals passing on the guilt of a defendant always have been hedged in by strict evidentiary procedural limitations. But both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law."

(1937))). "This broad rule of inclusion is tempered by the requirement that the information bear some indicia of reliability." Moses v. Commonwealth, 27 Va. App. 293, 302, 498 S.E.2d 451, 456 (1998) (citing Alger v. Commonwealth, 19 Va. App. 252, 258, 450 S.E.2d 765, 768 (1994) (citing United States v. Fatico, 579 F.2d 707, 712-13 (2d Cir. 1978), cert. denied, 440 U.S. 1073 (1980))). However, such evidence is admissible at the sentencing hearing if the defendant does not dispute its truth. See Fatico, 579 F.2d at 713.

The trial court thus enjoyed broad discretion in its consideration of evidence at Payan's sentencing hearing. Within its sound discretion, the court was permitted to consider all relevant evidence of the circumstances surrounding Payan's crimes. Such evidence included any "responsible unsworn" evidence before the court. Although such evidence generally must bear "indicia of reliability," reliability is presumed if the defendant does not challenge the veracity of the evidence.

At the plea hearing, the court agreed with Payan that the photographs were irrelevant to the determination of his guilt on the charges of possession and distribution of marijuana, and accordingly rejected the Commonwealth's proffer of the

---

Id. at 859-60, 55 S.E.2d at 55 (quoting Williams v. New York, 337 U.S. 241, 246 (1949)). Thus, in imposing a sentence upon a convicted criminal, the court is charged with making "the punishment fit the offender and not merely the crime." Id. at 860, 55 S.E.2d at 55.

- 6 -

photographs as evidence supporting Payan's guilt.  Payan decided

not to contest the charges against him,[4] leaving the court free

to "'consider him guilty for the purposes of imposing judgment

and sentence.'"  Jefferson v. Commonwealth, 27 Va. App. 477,

485, 500 S.E.2d 219, 223 (1998) (quoting Commonwealth v.

Jackson, 255 Va. 552, 555, 499 S.E.2d 276, 278 (1998)).  In the

course of the sentencing hearing which followed, the court could

properly consider all relevant evidence concerning the

circumstances of Payan's crimes.  Although the court had

previously determined that the photographs of Payan standing

next to a large airplane in Mexico were irrelevant to the

determination of his guilt of the crimes charged, the court was

not precluded from considering them relevant, "'responsible

unsworn . . . information relative to the circumstances of the

crime . . . .'"  Harris, 26 Va. App. at 809, 497 S.E.2d at 172

(citation omitted).  Investigator Buynar testified that his

investigation had revealed Payan's association with an

individual named Flores and that this individual was known to be

---

[4] While "[a] plea of nolo contendere . . . is neither a
confession of guilt nor a declaration of innocence equivalent to
a plea of not guilty . . . [n]onetheless, by entering the plea
. . . the defendant implies a confession . . . of the truth of
the charge . . . [and] agrees that the court may consider him
guilty for the purposes of imposing judgment and sentence."
Allen v. Commonwealth, 27 Va. App. 726, 729 n.1, 501 S.E.2d 441,
442 n.1 (1998) (quoting Jefferson v. Commonwealth, 27 Va. App.
477, 484-85, 500 S.E.2d 219, 223 (1998)) (internal quotations
omitted).

engaged in the importation of illegal drugs into the Commonwealth from Mexico.  He also testified that the photographs were recovered from Payan's residence when the police executed a search warrant.  Taken together, the evidence tended to establish Payan's involvement with the importation of drugs as Buynar described.  We hold the court did not abuse its discretion in considering the photographs.  Because the sentences imposed, five years for each count, were well "within the range set by the legislature" for Class 5 felonies in Code § 18.2-10, see Hudson, 10 Va. App. at 160-61, 390 S.E.2d at 510, and the evidence considered at the hearing supported those sentences, we affirm the court's decision.

Affirmed.