COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


MELVIN LEWIS MITCHELL

MEMORANDUM OPINION[*] BY
v.    Record No. 1634-00-1        JUDGE LARRY G. ELDER
                                  JUNE 26, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

S. Jane Chittom, Appellate Defender (Public
Defender Commission, on briefs), for
appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Mark L. Earley, Attorney
General, on brief), for appellee.


Melvin L. Mitchell (appellant) appeals from his jury trial

conviction for grand larceny. On appeal, he contends the trial

court abused its discretion by imposing the jury's recommended

twelve-year sentence for grand larceny of a purse where the jury

was not instructed, as required by the decision in Fishback v.

Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000), that parole

had been abolished. We hold that the trial court's refusal to

reduce the sentence was not an abuse of discretion, and we

affirm appellant's sentence.[1]

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.
    [1] We note that appellant did not ask the trial court for a
new jury sentencing pursuant to Fishback and does not contend on
appeal that he was entitled to be sentenced anew based on the

On May 2, 2000, appellant was convicted in a jury trial for a grand larceny occurring on January 10, 2000.  During the sentencing phase of the trial, the Commonwealth offered into evidence eight certified prior conviction orders, including three convictions for grand larceny and two convictions for credit card theft.  Appellant did not proffer an instruction on the abolition of parole, and the jury did not ask any questions regarding appellant's eligibility for parole.  The jury recommended a sentence of twelve years.  Appellant immediately moved to reduce the jury's verdict.  The trial court denied the "initial motion at this point" but indicated that it would "order a presentence report before . . . pass[ing] sentence."

On June 9, 2000, the Supreme Court issued its decision in Fishback.

At appellant's sentencing hearing on July 5, 2000, appellant argued that the sentence recommended by the jury was excessive and pointed out that he had not had "the benefit of that jury instruction that has just been passed involving that parole has been abolished in Virginia."  The trial judge said,

holding of Fishback.  He contends only that the trial court abused its discretion in not reducing the jury's sentence based on the fact that it was not instructed on the abolishment of parole in compliance with Fishback.  Thus, we do not consider whether the decision in Fishback may have entitled appellant to a new sentencing hearing, because no appeal was granted on this issue.  See Rule 5A:12(c); see also Thompson v. Commonwealth, 27 Va. App. 620, 626, 500 S.E.2d 823, 826 (1998) (noting that Rule 5A:12, unlike Rule 5A:18, contains no "good cause" or "ends of justice" exceptions).

"Well, certainly, everybody knows that . . . [a]s much chest pounding as the members of the General Assembly and the Governor's Office [gave themselves] at the time they did it." The trial judge also observed that the length of the jury's sentence might have been based on "the violence involved" in that appellant "knock[ed] down" one person as he attempted to flee and "it took several people to subdue him."  The trial court imposed a twelve-year sentence in accordance with the jury's verdict.

Appellant concedes, as he must, that his twelve-year sentence for grand larceny is within the range authorized by statute for that offense.  See Code § 18.2-95.  Ordinarily, "[i]f the sentence is within the range set by the legislature, an appellate court will not interfere with the judgment." Hudson v. Commonwealth, 10 Va. App. 158, 160-61, 390 S.E.2d 509, 510 (1990).  The fact that the jury was not apprised that parole has been abolished did not render the trial court's refusal to modify the jury's sentence an abuse of discretion.

Thus, we affirm appellant's conviction and sentence.

Affirmed.