COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Alexandria, Virginia


BRIAN DAVID LUTTRELL

                                                         OPINION BY
v.        Record No. 2092-02-4              JUDGE JAMES W. BENTON, JR.
                                                       FEBRUARY 17, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF WARREN COUNTY
                          Dennis L. Hupp, Judge

          David A. Downes for appellant.

          Richard B. Smith, Senior Assistant Attorney General (Jerry W.
          Kilgore, Attorney General, on brief), for appellee.


      Brian David Luttrell contends the trial judge violated his plea agreement by imposing a

sentence that was inconsistent with "the sentencing guidelines applicable at the time of the offense"

and further erred by applying an unreliable assessment instrument in fixing his sentence.  We affirm

the conviction.

                                            I.

      A grand jury indicted Luttrell for carnal knowledge of a child thirteen years of age in

violation of Code § 18.2-63.  Prior to trial, Luttrell and the Commonwealth entered into a written

plea agreement in which Luttrell agreed to tender a guilty plea as sanctioned by North Carolina v.

Alford, 400 U.S. 25 (1970).  The agreement contained the following paragraph concerning

sentencing:

                In consideration of Defendant's plea, the Commonwealth
          and the Defendant agree that the Defendant shall be sentenced
          within the sentencing range of the applicable Virginia Sentencing
          Guidelines.  The parties do not agree on whether the Defendant
          should be sentenced to the guidelines in effect at the time of the

offense or at the time of sentencing and reserve the right to argue for their respective positions. The Defendant reserves the right to appeal the court's interpretation of the applicable guidelines. An adverse decision to the Defendant shall not void this agreement.

The trial judge accepted Luttrell's plea and scheduled a sentencing hearing. Prior to the sentencing hearing, Luttrell filed a memorandum in which he asserted that the discretionary sentencing guidelines in effect at the time of the offense must be used at sentencing. Opposing that position, the prosecutor contended that the guidelines in effect at the time of the sentencing should be used because it provided for a sex offender risk assessment. The trial judge ruled prior to sentencing that the applicable guidelines were those in effect at the time of sentencing and "that the risk assessment worksheet included within those guidelines is not an invalid instrument." Applying those guidelines, the trial judge sentenced Luttrell to five years in prison, suspending four years and four months upon various conditions, and ordered a fine of five hundred dollars. This appeal challenges these rulings.

II.

When a punishment for a crime is fixed within the limitations established by the statute governing the crime, the principle is well established and long standing in Virginia that appellate courts have no power to set aside the sentencing verdict merely on the ground of abuse of the discretionary power conferred by the legislature. See Perry v. Commonwealth, 208 Va. 283, 289, 156 S.E.2d 566, 571 (1967); Satterwhite v. Commonwealth, 201 Va. 478, 483, 111 S.E.2d 820, 824 (1960); McCann v. Commonwealth, 174 Va. 429, 448, 4 S.E.2d 768, 775 (1939); Messer No. 2 v. Commonwealth, 145 Va. 872, 879, 134 S.E. 565, 567 (1926).

By statute the legislature has authorized a sentencing commission "to assist the judiciary in the imposition of sentences by establishing a system of discretionary guidelines." Code § 17.1-801. See Code § 17.1-800 et seq. A judge's use of these discretionary guidelines is governed by Code § 19.2-298.01, which provides, in pertinent part, as follows:

A.  In all felony cases, other than Class 1 felonies, the court shall (i) have presented to it the appropriate discretionary sentencing guidelines worksheets and (ii) review and consider the suitability of the applicable discretionary sentencing guidelines established pursuant to Chapter 8 (§ 17.1-800 et seq.) of Title 17.1.  Before imposing sentence, the court shall state for the record that such review and consideration have been accomplished and shall make the completed worksheets a part of the record of the case and open for inspection.  In cases tried by a jury, the jury shall not be presented any information regarding sentencing guidelines.

B.  In any felony case . . . in which the court imposes a sentence which is either greater or less than that indicated by the discretionary sentencing guidelines, the court shall file with the record of the case a written explanation of such departure.

C.  . . .  In felony cases tried upon a plea of guilty, including cases which are the subject of a plea agreement, the court shall direct a probation officer of such court to prepare the discretionary sentencing guidelines worksheets, or, with the concurrence of the accused, the court and the attorney for the Commonwealth, the worksheets shall be prepared by the attorney for the Commonwealth.

*       *       *       *       *       *       *

E.  Following the entry of a final order of conviction and sentence in a felony case, the clerk of the circuit court in which the case was tried shall cause a copy of such order or orders, the original of the discretionary sentencing guidelines worksheets prepared in the case, and a copy of any departure explanation prepared pursuant to subsection B to be forwarded to the Virginia Criminal Sentencing Commission within five days.

F.  The failure to follow any or all of the provisions of this section or the failure to follow any or all of the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief.

In a series of decisions, we have held that the recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime.  Jett v. Commonwealth, 34 Va. App. 252, 256, 540 S.E.2d 511, 513 (2001); Hunt v. Commonwealth, 25 Va. App. 395, 404-05, 488 S.E.2d 672,

677 (1997); Bell v. Commonwealth, 18 Va. App. 146, 149, 442 S.E.2d 427, 429 (1994); Belcher v. Commonwealth, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993).

(A)

Luttrell contends that the trial judge violated his right to due process by applying the guidelines in effect at the time of sentencing, which were more punitive than the guidelines in effect when he committed the offense. We disagree.

We have previously addressed a circumstance in which "the trial judge . . . us[ed] the Voluntary Sentencing Guidelines . . . in effect at the time of sentencing, rather than those in effect at the time the crime was committed." Belcher, 17 Va. App. at 45, 435 S.E.2d at 161. We noted in Belcher that "the new guidelines permitted a harsher range of punishment," id., and "that the trial judge's application of the new guidelines subjected [the defendant] to an increased range of penalties." Id. Despite those detriments, we held that "application of the guidelines, either old or new, was voluntary" and that, in accordance with the general principles concerning review of sentences in Virginia, "our review of the sentencing determination . . . is limited to ascertaining whether the sentence falls within the range set by the legislature." Id. We are bound by this holding.

Luttrell correctly argues that Belcher did not address the issue of due process, and he contends that Miller v. Florida, 482 U.S. 423 (1987), supports his due process claim. In holding Florida's law void as a violation of the *ex post facto* prohibition, the Supreme Court observed that Florida's sentencing guidelines, and all revisions to the guidelines, were legislatively enacted. Id. at 425 (noting that "[t]he sentencing law provided . . . that . . . revisions [to the guidelines] would become effective 'only upon the subsequent adoption by the Legislature of legislation implementing the guidelines as then revised'"). The Supreme Court also observed that Florida's sentencing guideline law required a judge who departed from a presumptive

sentence range "to give clear and convincing reasons in writing for doing so" and subjected the sentencing decision to "appellate review." Id. at 426. Distinguishing Florida's law from administratively enacted guidelines such as the federal parole guidelines, the Supreme Court held as follows:

> We find the federal parole guidelines cases inapposite. The courts that have upheld the retrospective application of federal parole guidelines have articulated several reasons why the *ex post facto* prohibition does not apply. The majority of these courts have held that the federal parole guidelines are not "laws" for purposes of the *Ex Post Facto* Clause. Other courts have found that the guidelines merely rationalize the exercise of statutory discretion, and that retrospective application of the guidelines thus does not violate the *Ex Post Facto* Clause. Finally, some of the cases have held that retrospective application of the guidelines does not result in a more onerous punishment and thus does not constitute an *ex post facto* violation.
>
> None of the reasons given in the federal parole cases even arguably applies here. First, the revised sentencing law is a law enacted by the Florida Legislature, and it has the force and effect of law. Nor do the revised guidelines simply provide flexible "guideposts" for use in the exercise of discretion: instead, they create a high hurdle that must be cleared before discretion can be exercised, so that a sentencing judge may impose a departure sentence only after first finding "clear and convincing reasons" that are "credible," "proven beyond a reasonable doubt," and "not . . . a factor which has already been weighed in arriving at a presumptive sentence." Finally, the revised guidelines directly and adversely affect the sentence petitioner receives. Thus, this is not a case where we can conclude . . . that "[t]he crime for which the present defendant was indicted, the punishment prescribed therefor, and the quantity or the degree of proof necessary to establish his guilt, all remained unaffected by the subsequent statute."

Id. at 434-35 (citations omitted).

By contrast, the Virginia discretionary sentencing guidelines provide only flexible guideposts for the trial judge to consider in determining the appropriate sentence within the range of punishment defined by the legislature. Although the trial judge must provide a written explanation for departure from the guidelines, see Code § 19.2-298.01(B), the judge is not bound

by a presumptive range and need not justify the decision by any standard, let alone "clear and convincing" evidence. The statute also precludes appellate review of the sentence. See Code § 19.2-298.01(F). Furthermore, the revision of the guidelines is left to the discretion of the sentencing commission and does not require approval by the legislature.

As we have indicated, the discretionary guidelines are merely procedural tools to assist and guide a judge in the exercise of the judge's sentencing discretion. Because the guidelines and revisions are not enacted by the legislature, they are more akin to the parole guidelines described by the Supreme Court in Miller. Thus, we hold that the trial judge did not err in finding no *ex post facto* law violation in the application of the guidelines.

(B)

Luttrell also contends that the Sex Offender Risk Assessment Instrument, which the sentencing commission has incorporated into the sentencing guidelines, is unreliable in predicting recidivism. Code § 19.2-298.01(F) provides, however, that a trial judge's failure to correctly apply the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." See Hunt, 25 Va. App. at 405, 488 S.E.2d at 677 (rejecting claim that defendant's sentence should be set aside due to misapplication of the sentencing guidelines). In view of this broad statutory exemption from appeal, we hold that the trial judge's consideration of the assessment instrument as a factor in applying the discretionary sentencing guidelines provides no basis for review of Luttrell's sentence on appeal.

For these reasons, we affirm the conviction.

Affirmed.