COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Kelsey and Senior Judge Overton
Argued by teleconference


FELIX COBBS, III

v.        Record No. 2683-03-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE NELSON T. OVERTON
SEPTEMBER 14, 2004


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
William N. Alexander, II, Judge

Glenn L. Berger (Berger & Thornhill, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


A jury convicted appellant of possession of a firearm by a felon, felony elude and reckless driving. On appeal, he contends the trial court erred in admitting evidence of his prior failure to appear for trial, admitting evidence of unrelated incidents of flight, and admitting statements he made on those occasions. Appellant argues the evidence was irrelevant and immaterial. We disagree and affirm.

BACKGROUND

On September 23, 2000, Trooper Jackson pursued a vehicle driven by appellant at speeds up to 100 miles per hour. Jackson activated his siren and blue lights, but appellant did not stop until he lost control and went into a ditch. Jackson searched appellant's car and found a firearm. Appellant was arrested, released on bond, and his trial was set for February 13, 2001. However, appellant

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

failed to appear for his trial and the trial court issued a capias. The court subsequently convicted appellant of failing to appear for his February 13, 2001 trial.

On September 28, 2001, Officer Lovell of the Martinsville Police Department stopped appellant's vehicle. Lovell asked to see appellant's license and registration, but appellant "spun off." Lovell pursued appellant, but lost sight of him. Lovell next saw appellant on January 16, 2002, at the Danville City Jail. Appellant told Lovell he fled from him in September 2001 "because of charges he had out of Chatham."

On January 14, 2002, acting on a tip concerning appellant's location, several officers from the Danville Police Department approached a residence. Appellant fled the residence, but Officer Pickeral intercepted appellant and told him that he was under arrest. Pickeral testified appellant replied, "Fuck you police" and continued to run. Pickeral followed, tackled appellant and took him into custody. Appellant had a false identification card in the name of "Tony X. Outlaw" when arrested by Pickeral. Officer Pace fingerprinted appellant at the Danville City Jail and testified appellant asked if Pace was going to take him upstairs where fingerprints were taken by a computerized system. Pace testified he told appellant "it took entirely too long to catch him and I wasn't going to lose him again by taking him out of the jail." Pace testified appellant laughed and said, "Yeah, if I get out of here, I'm gonna go to Japan . . . ."

Over appellant's objection, the trial court admitted into evidence appellant's conviction for failing to appear at trial for the charges, appellant's statement to Lovell that he fled "because of charges he had out of Chatham," and appellant's statement to Pace that he would "go to Japan" if he had a chance to get out of jail. The trial court also admitted evidence of appellant's failure to stop for Lovell, his attempt to elude Pickeral, his statement to Pickeral, and his possession of a false identification card.

ANALYSIS

> Evidence is relevant if it has any logical tendency to prove an issue in a case. Relevant evidence may be excluded only if the prejudicial effect of the evidence outweighs its probative value. The question whether the prejudicial effect of evidence exceeds its probative value lies within the trial court's discretion.

Goins v. Commonwealth, 251 Va. 442, 461-62, 470 S.E.2d 114, 127 (1996).

"As a general rule, only under limited circumstances may evidence of other offenses by an accused be admitted to prove the offense at bar." Langhorne v. Commonwealth, 13 Va. App. 97, 101, 409 S.E.2d 476, 479 (1991). "Although flight to avoid prosecution is evidence of another crime, it is nevertheless admissible to show a consciousness of guilt." Id. at 102, 409 S.E.2d at 479. "Evidence of flight from authorities that occurred days, or even months, after a crime is admissible, as 'any flight at a time when it may be to avoid arrest, prosecution, or confinement tends to show a consciousness of guilt.'" Ricks v. Commonwealth, 39 Va. App. 330, 335, 573 S.E.2d 266, 268 (2002) (citation omitted). "The remoteness in time of the flight goes to the weight of the evidence and not to its admissibility." Langhorne, 13 Va. App. at 103, 409 S.E.2d at 480.

Here, as in Langhorne, appellant knew of the charges pending against him and knew, at the time of his flights from the authorities, that he was being sought in connection with those charges. Appellant's failure to appear at his trial was relevant to prove a consciousness of guilt, and the trial judge did not abuse his discretion in admitting evidence of appellant's conviction. Appellant fled from Lovell in September 2001, which was only seven months after he failed to appear for trial; the trial judge did not abuse his discretion in admitting evidence of appellant's flight from Lovell. Although the evidence of appellant's flight from Pickeral was approximately eighteen months after the incident, the charges were still pending and the remoteness in time of the flight went to its weight and not to its admissibility. When told he was under arrest by

Pickeral, appellant cursed him and continued to run. Appellant later admitted to Lovell he fled because of the outstanding charges, and appellant told Pace he would go to Japan if he could escape from jail. Appellant's statements and his possession of a false identification card were also relevant to prove appellant's consciousness of guilt, and the trial judge did not abuse his discretion in determining the probative value of the evidence outweighed its prejudicial effect.

Appellant concedes this Court has allowed evidence of flight as probative of guilt, but argues the remoteness of the evidence of his flight and its prejudicial value outweighed any probative value of the evidence. Appellant requests that this Court reconsider the holding in Langhorne and overrule it. "Under the rule of *stare decisis,* a decision by a panel of this court is an established precedent." Robinson v. Commonwealth, 13 Va. App. 540, 543, 413 S.E.2d 661, 662 (1992). We find nothing in the circumstances of this case leading us to believe that a departure from Langhorne is justified. Accordingly, we affirm appellant's convictions for possession of a firearm by a felon, felony elude and reckless driving.

Affirmed.