COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Clements and Petty
Argued at Salem, Virginia


BRANDON JAMES CLARK, A/K/A
  B-EASY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1727-07-3              JUDGE WILLIAM G. PETTY
                                                         MAY 13, 2008

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
                            Humes J. Franklin, Jr., Judge

          Dana R. Cormier for appellant.

          Leah A. Darron, Senior Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        Brandon James Clark entered Alford[1] pleas of guilty to several felonies[2] and now appeals

his sentence.  He contends the trial court abused its discretion by imposing a total sentence of

forty-three years incarceration after the sentencing guidelines recommended a lesser range of

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Clark entered guilty pleas pursuant to the procedure approved in North Carolina v. Alford, 400 U.S. 25 (1972).

[2] These felonies included:  two counts of aggravated malicious wounding in violation of Code § 18.2-51.2, two counts of use of a firearm while in the commission of a felony in violation of Code § 18.2-53.1, one count of burglary with a weapon in violation of Code § 18.2-89, and one count of street gang participation involving a juvenile in violation of Code § 18.2-46.2.  The maximum sentence for each of the aggravated malicious wounding charges and the burglary charge was life in the penitentiary.  The total mandatory sentence for the two firearms charges was eight years in the penitentiary.  The maximum sentence for the gang participation charge was ten years in the penitentiary.

incarceration[3] and without considering evidence of his "actual innocence and/or minimal participation" in the crimes.[4] We disagree and affirm.

"It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'" Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (quoting Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977)). Furthermore, the sentencing guidelines "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." Belcher v. Commonwealth, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993) (citation omitted). A judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). See Hunt v. Commonwealth, 25 Va. App. 395, 405, 488 S.E.2d 672, 677 (1997).

The sentences imposed by the trial court were within the ranges set by the legislature and well below the total statutory maximum for the offenses for which the appellant was convicted. See Code §§ 18.2-10, 18.2-46.2, 18.2-51.2, 18.2-53.1, and 18.2-89. Accordingly, the trial court did not abuse its discretion by imposing the sentence that it did.

For this reason, we affirm the convictions.

Affirmed.

---

[3] The sentencing guidelines recommended a range between ten years and five months to twenty-three years and two months, with a midpoint of nineteen years and four months.

[4] Although Clark introduced evidence at sentencing to deny or minimize his involvement in the crimes, the Commonwealth offered a substantial proffer of the evidence, including Clark's confession, in support of the guilty plea. The trial court, upon accepting Clark's guilty plea, made a finding that "based on the stipulation just offered by the Commonwealth . . . there is substantial evidence against the defendant in this matter – evidence which, in this Court's opinion, is sufficient for a finding of guilt on all six charges."