COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Humphreys and Friedman

FELIX MARTINEZ PACHECO

                                              MEMORANDUM OPINION* BY
v.       Record No. 1044-21-3          CHIEF JUDGE MARLA GRAFF DECKER
                                                    JUNE 21, 2022

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                         Bruce D. Albertson, Judge

          (John M. Bodenhamer; Big Law Valley, PLLC, on brief), for
          appellant.  Appellant submitting on brief.

          (Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
          Assistant Attorney General; on brief), for appellee.  Appellee
          submitting on brief.


        Felix Martinez Pacheco appeals the revocation of his previously suspended sentence.  He

argues that the trial court erred by failing to consider a significant relevant factor and by

sentencing him to serve six years of active time.  The active sentence imposed was within the

statutory maximum and was not an abuse of discretion.  Therefore, we affirm the decision of the

trial court.

                                    I.  BACKGROUND[1]

        The instant appeal involves the appellant's third revocation proceeding.  In 2009, the

appellant was convicted of taking indecent liberties with a child, failing to register as a sex

offender, and making an obscene display in a public place.  The trial court imposed a total of

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] On appeal of the revocation of a suspended sentence, we review the evidence in the
light most favorable to the Commonwealth, as the party who prevailed below.  *Jacobs v.
Commonwealth*, 61 Va. App. 529, 535 (2013).

fifteen years and twelve months for those offenses and suspended eight years and twelve months. Later that same year, the appellant was convicted of assaulting a law enforcement officer. He received a sentence of five years, with three years and five months suspended. In all, the appellant had eight years and seven months of active time to serve in prison with the remaining time suspended.

The first revocation proceeding occurred in June 2019. At that time, the trial court found that the appellant violated his probation due to a new charge of assault on a law enforcement officer while he was incarcerated. The violation report also reflected that the appellant had committed twenty-two disciplinary infractions while he was incarcerated. Those infractions included "lewd or obscene acts directed toward or in the presence of another, . . . indecent exposure, attempting to commit/engaging in sexual acts with others by consent, . . . and sexual assault upon or making forcible sexual advances toward an offender." The court revoked the previously suspended sentence and resuspended a portion of it, leaving him with twelve months to serve. The appellant was released from incarceration in September 2019.

Two weeks after his release, the appellant's probation officer filed a violation report for his failure to contact the probation office, triggering a second revocation proceeding. The trial court found that the appellant violated his probation. The court revoked the suspended sentence and resuspended part of it, leaving him with two years to serve. The appellant was released in June 2021.

Three days later, the appellant's probation officer filed a report alleging a violation because the appellant failed to contact him. At the resulting third revocation hearing in August 2021, the appellant did not contest that he committed the charged violation. The only issue was his sentence.

The sentencing guidelines recommended that the appellant serve one to four years. The appellant asked for leniency based on the technical nature of his violation. He testified that he registered for the sex offender registry on the day of his release and he did not believe that he was on probation at the time. His attorney asked him several times if he would comply with the conditions under which he was released on probation, but the appellant did not respond. The Commonwealth requested that the court not resuspend any of the remaining time, arguing that the appellant's history and statements in court reflected that he was not "amenable" to supervised probation. The Commonwealth introduced evidence of the prior probation violations as well as the appellant's criminal history.

The trial court found that the appellant violated his supervised probation. It revoked his suspended sentence and resuspended three years and five months, leaving six years for him to serve. In doing so, the court found that the appellant had "a history of dangerous sexual behavior and dangerous behavior to law enforcement." The court also commented that the appellant had "basically stated he will not comply with probation." It concluded that no conditions could "ensure the safety of the people of the Commonwealth."

## II. ANALYSIS

The appellant challenges the sentence imposed upon the revocation of the suspension of his sentence.[2] He claims that the trial court "failed to take into account the incredibly short time [he] was on probation before proceeding on a violation." The appellant also contends that the court failed to consider the fact that he had registered with the sex offender registry promptly

---

[2] He does not challenge the underlying decision to revoke his suspended sentence.

upon his release.[3]  He argues that the six-year sentence of active time imposed was an abuse of discretion.

After imposing a sentence, a trial "court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine."  Code § 19.2-303.  If a trial court subsequently finds good cause to believe that a defendant violated the terms of his suspended sentence, "then the court may revoke the suspension and impose" a new sentence.  Code § 19.2-306(C).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender . . . ."  *Howell v. Commonwealth*, 274 Va. 737, 740 (2007).  "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'"  *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008) (quoting *Pierce v. Commonwealth*, 48 Va. App. 660, 667 (2006)).

A trial court's ruling in a revocation proceeding "will not be reversed [on appeal absent] a clear showing of abuse of discretion."  *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).  "[T]he phrase 'abuse of discretion' means that the [trial] court 'has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'"  *Ellis v. Commonwealth*, 68 Va. App. 706, 711 (2018) (first alteration in original) (quoting

---

[3] Neither party mentions Code § 19.2-306.1, which took effect July 1, 2021.  *See* 2021 Va. Acts Spec. Sess. I ch. 538.  Similarly, the appellant did not argue below that this code section applied to his case.  Therefore, we do not address whether the statute is retroactive.  *See* Rule 5A:18 (providing that generally an objection must be made below for a ruling to constitute "a basis for reversal"); Rule 5A:20(e) (requiring an appellant to state clearly the "argument . . . relating to each assignment of error").  *See generally Green v. Commonwealth*, __ Va. App. __, __ (June 14, 2022) (holding that Code § 19.2-306.1 did not apply because both the crime occurred and the prosecution began before the statute's effective date).

*Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "This bell-shaped curve of reasonability governing . . . appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Id.* (quoting *Sauder*, 289 Va. at 459).

Here, the appellant argues that in setting his sentence, the court failed to consider that the time in which he failed to report to his probation officer was short and that he promptly registered with the sex offender registry. In determining how much of the appellant's sentence to resuspend, the trial court had discretion to weigh the mitigating factors that he presented. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "The exercise of judicial discretion "'implies conscientious judgment, not arbitrary action.'"" *Rhodes v. Commonwealth*, 45 Va. App. 645, 650 (2005) (quoting *Slayton v. Commonwealth*, 185 Va. 357, 367 (1946)). The appellate court presumes that a trial court knows the law and applies it correctly. *Groves v. Commonwealth*, 50 Va. App. 57, 61-62 (2007). Based on the court's ruling, it is fair to infer that the court considered the mitigating evidence as argued by the appellant at the revocation hearing and simply weighed it as it saw fit. *See Henderson v. Commonwealth*, 285 Va. 318, 326 (2013) (inferring a trial court's finding from its ruling). Against the mitigating factors raised by the appellant, the court weighed his history of "dangerous behavior" and his testimony demonstrating a reluctance to comply with probation. Although we recognize that the sentence exceeded that recommended by the probation violation guidelines, those guidelines "are merely a 'tool' to assist the judge in fixing an appropriate punishment." *See Belcher v. Commonwealth*, 17 Va. App. 44, 45 (1993) (quoting *Hudson v. Commonwealth*, 10 Va. App. 158, 161 (1990)). A

trial court is not bound by them and must review and assess the evidence in each individual case, as the court did here. *See id.*

The appellant also contends that the trial court abused its discretion by suspending only three years and five months of his sentence, leaving him with six years to serve. This argument is directly contradicted by established law. *See Minh Duy Du*, 292 Va. at 564 (explaining that a trial court acts within its discretion when it imposes a sentence within the statutory range). The trial court was permitted—but not required—to resuspend all or part of the sentence. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). The court knew that the appellant had a history of violations, "dangerous sexual behavior[,] and dangerous behavior to law enforcement." It also found, based on the appellant's testimony, that he would "not comply with probation" and that "no set of conditions" could ensure the public's safety. Our review of the record supports the conclusion that the trial court properly exercised its discretion. *See Price*, 51 Va. App. at 448-49 (holding that after the defendant willfully violated the conditions of his probation by using cocaine and failing to report to his probation officer, the trial court acted within its discretion by imposing an active period of incarceration); *Rhodes*, 45 Va. App. at 650-51 (affirming the revocation of a sentence suspension and imposition of a portion of the remaining time after the defendant violated the terms of his suspended sentence by withdrawing from a detention center program).

## III. CONCLUSION

The trial court did not abuse its discretion by resuspending three years and five months of the appellant's sentence and ordering that he serve six years. Consequently, we affirm the trial court's judgment.

*Affirmed.*