COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Ortiz and Lorish

ANDREW BROCK, JR.

                                                        MEMORANDUM OPINION*
v.          Record No. 0814-21-1                                PER CURIAM
                                                          AUGUST 9, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
Carl E. Eason, Jr., Judge

(Trevor Jared Robinson, on brief), for appellant.

(Jason S. Miyares, Attorney General; Leanna C. Minix, Assistant
Attorney General, on brief), for appellee.


Andrew Brock, Jr. appeals his sentence following his guilty pleas to burglary, malicious

wounding, and using a firearm in the commission of a felony. Brock argues that the trial court

abused its discretion by imposing a ten-year sentence of active incarceration. We hold that the

appeal is wholly without merit.[1] Consequently, we affirm the trial court's judgment.

## I. BACKGROUND

Under settled principles, we state the facts in the light most favorable to the

Commonwealth, the prevailing party below. *Gerald v. Commonwealth*, 295 Va. 469, 472

(2018). Brock pleaded guilty to burglary, in violation of Code § 18.2-91, malicious wounding, in

violation of Code § 18.2-51, and using a firearm in the commission of a felony, in violation of

Code § 18.2-53.1. The Commonwealth proffered that, if the case went to trial, it would have

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] After examining the briefs and record in this case, the panel unanimously agrees that because "the appeal is wholly without merit," oral argument is unnecessary. Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and ule 5A:27(a).

proved that Brock went to the home of his girlfriend, Tyeast Gray, and broke through the door when she refused to allow him entry. When Gray's brother, Sherman Gray, intervened, Brock shot him at least three times in the stomach and hand. Sherman suffered no permanent injuries.

The initial sentencing guidelines recommendation cited breaking and entering, in violation of Code § 18.2-90, as the primary offense and recommended a sentence with a midpoint of ten years and one months' imprisonment. The probation officer later amended the sentencing guidelines recommendation to cite malicious wounding as the primary offense, seemingly because Brock had pleaded guilty to violating Code § 18.2-91, not Code § 18.2-90. This new calculation recommended a sentence between two years and seven months' imprisonment at the low end and six years and four months' imprisonment at the high end. The new midpoint was five years' imprisonment.

At the sentencing hearing, the Commonwealth submitted victim impact statements from Tyeast and Sherman Gray. Brock's father testified that he was shocked when he heard about Brock's offense "because it [was] not his usual behavior." He also testified that he was not aware that Brock had depression or other mental illness but that he "assumed that something was going on" because Brock had gone several months without speaking to him.

The Commonwealth requested an upward deviation for a sentence of ten years' imprisonment. Brock's counsel asserted that Brock had undiagnosed depression that caused his behavior. In support, Brock's counsel referenced Brock's pending charges for attempted capital murder in the Circuit Court for the City of Suffolk stemming from Brock allegedly shooting at Suffolk police officers, which Brock's counsel asserted demonstrated a desire for the police to kill him. Brock stated that he "was going through some things" that he kept hidden and that the terrible things he had endured would "bring out the best in [him]."

The trial court acknowledged that "[t]here may very well be some mental health issues going on that attributed to your conduct" but found such factors were outweighed by Brock's "troubling criminal history"—which included a 2008 conviction for assault on a law enforcement officer—and the seriousness of the offenses. The trial court concluded that Brock was "a danger to the community," that it was "clear . . . that the community need[ed] to be protected," and that the "revised guidelines [were] not sufficient." Noting that the original guidelines calculation changed, but the underlying facts had not changed, the trial court opined that the original guidelines recommendation "probably w[as] appropriate." The trial court therefore deviated upward from the amended guidelines range and sentenced Brock to fifteen years' imprisonment with ten years suspended for malicious wounding, three years' imprisonment for using a firearm in the commission of a felony, and five years' imprisonment with three years suspended for breaking and entering, for a total active sentence of ten years' imprisonment. This appeal followed.

## II. ANALYSIS

Brock argues that the trial court abused its discretion by sentencing him above the recommended guidelines range despite his mitigating mental health evidence.[2] "We review the [trial] court's sentence for abuse of discretion." *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). Moreover, the "sentencing guidelines 'are discretionary, rather than mandatory.'" *Fazili*, 71 Va. App. at 248 (quoting *West*

---

[2] The Commonwealth argues that Brock's appeal is procedurally barred, and Brock invokes the ends of justice exception. We assume without deciding that Brock preserved his appeal.

*v. Dir., Dep't of Corr.*, 273 Va. 56, 65 (2007)). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). Thus, a judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F).

"Criminal sentencing decisions are among the most difficult judgment calls trial judges face. . . . Such decisions—if within the lawful boundaries of applicable sentencing statutes and constitutional limitations—are vested in the sound discretion of trial judges, not appellate judges." *Du*, 292 Va. at 563. Here, the record demonstrates that the trial court considered the guidelines, the circumstances of the offenses, and Brock's history and characteristics. After considering the evidence and explaining its reasoning on the record, the trial court sentenced Brock within the statutory ranges set by the General Assembly. *See* Code § 19.2-298.01(B). Specifically, the trial court sentenced Brock to fifteen years' imprisonment for malicious wounding, which carries a maximum sentence of twenty years' imprisonment, three years' imprisonment for using a firearm in the commission of a felony, which carries a mandatory sentence of three years' imprisonment, and five years' imprisonment for burglary, which carries a maximum sentence of twenty years' imprisonment. Code §§ 18.2-10, 18.2-51, 18.2-53.1, and 18.2-91. Thus, the trial court did not abuse its discretion in sentencing Brock.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*