SMITH, Justice.
 

 The State of Alabama seeks a writ of mandamus directing Judge Tommy Nail to vacate his order suspending the confinement portion of the split sentence he imposed upon Dennis Lee Jones’s conviction. We deny the petition.
 

 Facts and Procedural History
 

 This petition for the writ of mandamus involves the Alabama Sentence Reform Act of 2003. Act No. 2003-354, Ala. Acts 2003. As amended by Act No. 2006-312, Ala. Acts 2006, the Alabama Sentence Reform Act of 2003 is codified at §§ 12-25-30 to -38, Ala.Code 1975 (“the Act”). Section 12-25-31(a) states the legislature’s conclusion that the following are necessary for the provision of “a fair, effective, and efficient criminal justice system”:
 

 “(1) Voluntary sentencing standards used to guide judicial decision makers in determining the most appropriate sentence for convicted felony offenders.
 

 “(2) The abolition of traditional parole and good time credits for convicted felons.
 

 “(3) The availability of a continuum of punishment options.”
 

 Section 12-25-34 directed the Alabama Sentencing Commission (“the Commission”)
 
 [1]
 
 to develop statewide voluntary sentencing standards and to present those standards to the legislature over a three-
 
 *917
 
 year period beginning in 2004. On September 30, 2005, the Commission adopted the “initial voluntary sentencing standards” (hereinafter “the standards,” “the initial standards,” or “the voluntary sentencing standards”), along with accompanying worksheets and instructions.
 
 See
 
 § 12-25-34(a)(3); § 12-25-34.1. The legislature approved the initial standards, along with the accompanying worksheets and instructions, for implementation effective October 1, 2006. § 12-25-34.1, Ala.Code 1975. According to § 12 — 25—34(a)(4), the initial standards are scheduled to be replaced by the “voluntary truth-in-sentencing standards,” which the Commission is to present for approval during the 2009 regular session of the Alabama Legislature; if approved, the voluntary truth-in-sentencing standards will be effective October 1, 2009.
 

 The general instructions for the initial standards and the accompanying worksheets state that the initial standards “cover the 26 most frequently sentenced offenses and 87% of sentenced eases.”
 
 Initial Voluntary Sentencing Standards & Worksheets
 
 22 (2006).
 
 [2]
 
 If an offense is covered by the initial standards, the applicable worksheets must be completed. § 12-25-35, Ala.Code 1975. Specifically, there are “three sets of worksheets and prison sentence length tables that divide the covered offenses into three offense types designated property, drug, and personal offenses.”
 
 Initial Voluntary Sentencing Standards & Worksheets
 
 22.
 

 “For each offense type, there is an In/ Out Worksheet and a Sentence Length Worksheet. Each sheet has a set of statistically relevant sentencing factors specific to each offense type. Examples of factors include: most serious current offense, other offenses being sentenced at the current sentencing event, prior convictions, previous incarcerations, juvenile/youthful offender adjudications, etc. The worksheets will result in a score that is calculated based on the Information provided for each factor.
 

 [[Image here]]
 

 “The In/Out Worksheet produces a score that recommends either a prison or a non-prison sentence. The Sentence Length Worksheet score tells the judge what sentence range (in months) is recommended based on the defendant’s characteristics.”
 

 Id.
 
 at 122. Thus, each offender sentenced under the initial standards is given a sentence-disposition recommendation (prison or non-prison) and a sentence-length recommendation. Although the sentencing court must “consider” the initial standards and the worksheets, the court may decline to follow the recommendations resulting from the application of the initial standards and instead impose a sentence “outside the voluntary sentencing standards in accordance with existing law.” § 12-25-35(c), Ala.Code 1975.
 

 In the underlying case, the grand jury indicted Jones on charges of the unlawful distribution of clonazepam, a controlled substance, in violation of § 13A-12-211, Ala.Code 1975, within a three-mile radius of a school, in violation of § 13A-12-250, Ala.Code 1975, and failure to affix tax stamps, a violation of § 40-17A-4, Ala. Code 1975. On November 5, 2007, Jones pleaded guilty, without a plea agreement, to violating § 13A-12-211
 
 [3]
 
 and § 40-17A-4.
 

 
 *918
 
 A violation of § 13A-12-211 is a Class B felony and a “covered offense” under the initial standards; consequently, the worksheets were completed for Jones.
 
 [4]
 
 The instructions for the in/out worksheet for a drug offense recommend “prison” if the in/out score is eight or more. Jones’s in/out score was 14; therefore, the in/out worksheet recommended “prison” for Jones.
 

 The in/out worksheet has three recommended alternatives of sentence disposition if a recommendation of prison results from the completion of the worksheet: “Department of Corrections,” “DOC at Community Corrections,” or “DOC Split Sentence.”
 
 Initial Voluntary Sentencing Standards & Worksheets
 
 35-36. The instructions state as follows regarding those alternatives:
 

 “Several prison alternatives are provided.
 

 “Department of Corrections
 
 should be checked if the sentence is a straight prison sentence.
 

 “DOC at Community Corrections
 
 should be checked if the offender is sentenced to DOC and ordered to a community corrections program.
 

 “DOC Split Sentence
 
 should be checked if the sentence is a split sentence. Any split to be served in DOC or DOC Community Corrections is considered a prison sentence.
 

 “The sentence disposition type should he checked even if it is not consistent with the recommended disposition. This information will he useful for possible modification of the worksheet recommendations.”
 

 Initial Voluntary Sentencing Standards & Worksheets
 
 36 (emphasis in original).
 

 The instructions state that “[w]here Prison is the sentence disposition on the In/Out Worksheet, the prison sentence must be chosen from within the recommended range for the corresponding score on the Prison Sentence Length Ranges Table .... ”
 
 Initial Voluntary Sentencing Standards & Worksheets
 
 27. Jones’s score on the prison-sentence-length worksheet for a drug offense was 199.
 
 [5]
 
 The Prison Sentence Length Ranges Table recommends the number of months — designated low, mid, and high — to serve for the “Total Sentence” and the “Time to Serve On Split.”
 
 [6]
 
 For Jones’s score of 199, the recommendations are as follows:
 

 ’’Total Sentence Time to Serve On Split
 

 “Low Mid High Low Mid High
 

 “45 87 130 24 30 36.”
 

 
 *919
 
 Judge Nail sentenced Jones to serve 5 years (60 months); that sentence was split, and Jones was to serve 24 months in the penitentiary followed by 2 years on supervised probation. Judge Nail then “probated” the “split portion of [Jones’s] sentence ... conditioned] on [the] completion of [an] alternate sentencing plan.” State’s brief, Exhibit B. Judge Nail cited
 
 Soles v. State,
 
 820 So.2d 168 (Ala.Crim.App.2001), in support of his decision to probate the confinement portion of Jones’s split sentence.
 

 The State petitioned the Court of Criminal Appeals for a writ of mandamus directing Judge Nail to set aside the sentence and “to enter a sentence consistent with either the Initial Voluntary Sentencing Standards or to sentence under applicable law without regard to the Sentencing Standards.” State’s brief, p. 6. In an unpublished order, the Court of Criminal Appeals denied the petition.
 
 Jones v. State
 
 (No. CR-07-0293, Jan. 7, 2008), — So.3d - (Ala.Crim.App.2008) (table). The State has filed a similar petition in this Court.
 

 Standard of Review
 

 “Our review of a decision of the Court of Criminal Appeals on an original petition for a writ of mandamus is de novo. Rule 21(e)(1), Ala. R.App. P.;
 
 Ex parte Sharp,
 
 893 So.2d 571, 573 (Ala.2003). The standard for issuance of a writ of mandamus is well settled:
 

 “ ‘A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the
 

 properly invoked jurisdiction of the court.’
 

 “Ex parte BOC Group, Inc.,
 
 823 So.2d 1270, 1272 (Ala.2001) (citing
 
 Ex parte Inverness Constr. Co.,
 
 775 So.2d 153, 156 (Ala.2000)).”
 

 Ex parte McCormick,
 
 932 So.2d 124, 127-28 (Ala.2005).
 

 Discussion
 

 The State contends that the sentence imposed on Jones is an illegal sentence because, the State argues, it complies with neither the initial standards nor existing law outside the initial standards. Citing § 12-25-35(c) and (f), Ala.Code 1975, Judge Nail and Jones contend that because Judge Nail indicated that he sentenced Jones under the initial standards, this Court does not have jurisdiction to consider the State’s petition challenging the legality of Jones’s sentence.
 

 Generally “[t]he State may file a mandamus petition challenging an illegal sentence.”
 
 State v. Monette,
 
 887 So.2d 314, 315 (Ala.Crim.App.2004) (citing
 
 Smith v. State,
 
 447 So.2d 1334 (Ala.1984)). Section § 12-25-35(f) provides: “Failure to follow any or all of the provisions of this section, or failure to follow any or all of the provisions of this section in the prescribed manner, shall not be renewable on appeal or the basis of any other post-conviction relief.” The initial standards were patterned after Virginia’s Sentencing Guidelines, and § 12-25-35(f) is nearly identical to § 19.2-298.01.F, Va.Code Ann.
 
 [7]
 

 See Initial Voluntary Sentencing Standards & Worksheets
 
 124 (“[The initial standards] were patterned after Virginia’s guidelines and are voluntary and not subject to appel
 
 *920
 
 late review.”). Virginia’s courts have interpreted § 19.2-298.01.F as permitting appellate review of a sentence imposed under Virginia’s guidelines for the limited purpose of determining if the sentence is within the range recommended by the those guidelines. In
 
 Hunt v. Commonwealth,
 
 25 Va.App. 395, 404-05, 488 S.E.2d 672, 677 (1997), the Court of Appeals of Virginia stated:
 

 “The sentencing guidelines are not binding on the trial judge.
 
 Belcher v. Commonwealth,
 
 17 Va.App. 44, 45, 435 S.E.2d 160, 161 (1993). Rather, they are a tool designed to assist the judge in fixing an appropriate punishment.
 
 Id.
 
 It is well-settled that ‘[i]f the sentence was within the range set by the Legislature [for the crime with which the defendant was convicted], an appellate court will not interfere with the judgment.’
 
 Hudson v. Commonwealth,
 
 10 Va.App. 158, 160-61, 390 S.E.2d 509, 510 (1990).”
 

 Thus, under Virginia’s corresponding provision to § 12-25-35(f), Ala.Code 1975, an appellate court’s review of a sentence imposed under the initial standards is “limited to whether the sentence fell within the permissible statutory range.”
 
 Smith v. Commonwealth,
 
 26 Va.App. 620, 626, 496 S.E.2d 117, 120 (1998).
 

 In the present case, the State acknowledges that the total sentence Judge Nail imposed' — 5 years — and the time Jones was ordered to serve on the split — 24 months — complied with the recommended sentence ranges of the initial standards. However, the State argues that Judge Nail did not have authority under the initial standards to suspend or probate the confinement portion of the split sentence. Therefore, the State contends, the sentence is not a sentence under the initial standards; instead, it argues, the sentence is, in the language of § 12-25-35(c), “outside the standards.” Consequently, the State contends that this Court has jurisdiction to consider whether the sentence imposed on Jones is “in accordance with existing law.”
 
 [8]
 

 In arguing that the sentence imposed on Jones’s conviction is outside the initial standards but not in accordance with existing law, the State seeks to avoid application of the bar on appellate review in § 12-25-35(c), Ala.Code 1975, which provides:
 

 “In any felony case in which the trial court imposes a sentence that departs from the voluntary standards, and sentences outside the voluntary sentencing standards in accordance with existing law, the court may provide a brief written reason for the departure. Neither the departure nor the reason stated for the departure shall be subject to appellate review .... ”
 

 The flaw in the State’s argument, however, is that the initial standards in fact authorized the sentence imposed; therefore Jones’s sentence is not “outside the standards.”
 

 By suspending the confinement portion of Jones’s split sentence, Judge Nail imposed a “reverse split” sentence.
 
 See Ex parte McCormick,
 
 932 So.2d at 139 n. 18 (“In a ‘reverse split’ sentence, the sentencing court orders a defendant to serve the probationary period of the split sentence first, with the period of incarceration to follow.”). As noted, Judge Nail relied on
 
 Soles v. State, supra,
 
 in which the Court of Criminal Appeals unanimously held that
 
 *921
 
 the Split-Sentence Act, § 15-18-8, Ala. Code 1975, “allows a trial court to suspend a sentence imposed pursuant to the school/housing enhancements [in §§ 13A-12-250 and 13A-12-270, Ala.Code 1975] notwithstanding that those provisions disallow probation.” 820 So.2d at 165. In
 
 Ex parte McCormick,
 
 932 So.2d at 139, which Judge Nail cites in his brief to this Court, we held that the authority of a sentencing court under § 15-18-8(c) “ ‘to suspend that portion of the minimum sentence that remains [under § 15-18-8(a) ] and place the defendant on probation’ ” also includes “the authority to suspend the 3-year minimum term of confinement required by § 15 — 18—8(a)(1) for sentences of more than 15 years but not more than 20 years” (quoting § 15 — 18—8(c), Ala.Code 1975).
 

 The State contends, however, that the initial standards deny a sentencing court the authority to suspend the confinement portion of a split sentence imposed under the initial standards. In support of that contention, the State cites the
 
 2007 Judges’ Sentencing Reference Manual
 
 published by the Commission. Specifically, page 78 of that manual states that if the in/out worksheet recommends “prison,” the sentencing court is “[n]oncompliant if entire sentence is suspended.”
 

 In this ease, however, Judge Nail did not suspend the entire five-year prison sentence. Rather, he suspended the 24-month
 
 confinement
 
 portion of the split sentence — i.e., he essentially imposed a reverse split sentence. The Alabama Sentence Reform Act of 2003 and the initial standards expressly incorporate the Split-Sentence Act, § 15-18-8, Ala.Code 1975. Section 12-25-32(2)b. of the Act lists “[a] split sentence pursuant to Section 15-18-
 
 8”
 
 as an “intermediate punishment” that is available to sentencing courts using the initial standards. Moreover, the instructions for completing the worksheets that accompany the initial standards state:
 

 “Where
 
 Prison
 
 is the sentence disposition on the In/Out Worksheet, the prison sentence must be chosen from within the recommended range for the corresponding score on the Prison Sentence Length Ranges Table for the most serious offense worksheet offense type.
 

 [[Image here]]
 

 “When choosing a sentence from the recommended sentence range, the sentence chosen must not be less than the statutory sentences specified in Section 13A-5-6(a)(l)-(3),
 
 provided, however, the minimum sentence may still be ‘split’ pursuant to Section 15-18-8.
 

 “1. For a Class A felony, the minimum sentence imposed must be at least 120 months.
 

 “2. For a Class B felony,
 
 the minimum sentence imposed must be at least 2í months.
 

 “3. For a Class C felony, the minimum sentence imposed must be at least 12 months and 1 day.”
 

 Initial Voluntary Sentencing Standards & Worksheets
 
 27-28 (emphasis added).
 

 As noted, the split sentence imposed by Judge Nail was 24 months, which was within the sentence range recommended by the Prison Sentence Length Ranges Table in the initial standards and which was compliant with the worksheet instructions quoted above.
 
 [9]
 
 Additionally, page 78 of the manual cited by the State specifically states that if the “In/Out” recommendation is prison, a reverse split is “[e]ompliant if within sentence range.” Thus, the sentence that Judge Nail imposed was not outside the initial standards
 
 *922
 
 and was within the recommended ranges of the initial standards. Consequently, our review of the sentence can go no further.
 
 See
 
 § 12 — 25—35(c) and (f), Ala.Code 1975.
 

 Conclusion
 

 The petition is denied.
 

 PETITION DENIED.
 

 COBB, C.J., and SEE, WOODALL, and PARKER, JJ., concur.
 

 [1]
 

 . The Commission was established by the legislature in 2000. Act No. 2000-596, Ala. Acts 2000, codified at §§ 12-25-1 to -12, Ala.Code 1975.
 

 [2]
 

 . On the date this opinion was released, a copy of those standards and worksheets could be found at: http://sentencingcommission. alacourt.gov (as visited on November 21, 2008; the material quoted in this opinion from those standards and worksheets is available in the case file of the clerk of the Supreme Court).
 

 [3]
 

 . The case-action summary does not indicate that Jones admitted to violating § 13A-12-
 
 *918
 
 250. However, the petitioner and the respondents (Judge Nail and Jones) assume that Jones did so, and portions of the transcript of the hearing at which Jones entered his plea suggest that he did.
 

 [4]
 

 .The instructions state that "[w]orksheets must be completed and considered when the 'most serious offense' at a sentencing event is a worksheet offense.”
 
 Initial Voluntary Sentencing Standards & Worlcsheets
 
 26. Unlawful distribution of a controlled substance is a Class B felony. § 13A-12-211(b), Ala.Code 1975. Failure to affix tax stamps is a Class C felony. § 40-17A-9(a), Ala.Code 1975. Therefore, in Jones’s case, the unlawful-distribution charge was the "most serious offense.”
 

 [5]
 

 . The list of scores on the Prison Sentence Length Ranges Table is from "actual cases analyzed by the Alabama Sentencing Commission in developing the worksheets and standards."
 
 Initial Voluntary Sentencing Standards & Worlcsheets
 
 32.
 

 [6]
 

 . The three columns under the "Total Sentence” heading "list the recommended sentence ranges from which a sentence may be chosen.”
 
 Initial Voluntary Sentencing Standards & Worksheets
 
 32. The three columns under the "Time to Serve On Split” heading "list the recommended ranges for the incarceration portion of a split sentence in the event the judge chooses to impose a split sentence.”
 
 Id.
 

 [7]
 

 . Section 19.2-298.01.F provides: "The failure to follow any or all of the provisions of this section or the failure to follow any or all of the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief.”
 

 [8]
 

 . Specifically, the State argues that if Jones had been sentenced outside the standards and in accordance with existing law, he would have faced a minimum prison sentence of 25 years. A 25-year sentence would make Jones’s sentence ineligible for consideration under Alabama's Split-Sentence Act, § 15-18-8, Ala.Code 1975, which authorizes sentencing courts to split certain sentences of not more than 20 years.
 

 [9]
 

 . We note that the 24-month sentence of confinement was consistent with the 2-year minimum required under § 13A — 5—6(a)(1)—(3), Ala.Code 1975, for a Class B felony.