PER CURIAM.
 

 The State of Alabama filed this petition for a writ of mandamus directing Judge Michael Jones to set aside the sentence he imposed on Vanessa Crittenden and to sentence her according to the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975 (“the HFOA”), and the mandatory drug-enhancement provisions contained in §§ 13A-12-250 and 13A-12-270, Ala.Code 1975. In August 2007, Crittenden was indicted for the unlawful distribution of a controlled substance, specifically, selling crack cocaine to a confidential informant on January 4, 2007. She executed a plea agreement with the State and stipulated that she had four prior felony convictions. At sentencing the State proved that Crit-tenden had three prior felony convictions
 
 [1]
 
 and that the drug sale made the basis of the indictment had occurred within three miles of a school and a housing project. The State moved to invoke the HFOA. Judge Jones denied the State’s motion and sentenced Crittenden to 80 months in prison pursuant to the voluntary sentencing standards. The State objected and moved Judge Jones to resentence Crittenden to a minimum of 30 years in prison. Judge Jones denied the State’s motion. The State then filed this petition for a writ of mandamus.
 
 [2]
 

 Initially, we note that the State may file a petition for a writ of mandamus to challenge an illegal sentence. See
 
 State v. Monette,
 
 887 So.2d 314 (Ala.Crim.App.2004).
 

 The State argues that the HFOA and the drug-enhancement provisions are mandatory and jurisdictional and that nothing in the Alabama Sentencing Reform Act of 2003 (“the Act”), as amended effective October 1, 2006, abrogates these mandatory provisions. Specifically, it argues that because the voluntary truth-in-sentencing standards have yet to be enacted, they require additional legislative action, and the sentence imposed on Crittenden pursuant to them is invalid.
 

 Crittenden responded that, under the plain language of the Act, the Act takes precedence over the HFOA and any other mandatory sentencing provisions. She further argues that because her sentence is within the range recommended by the guidelines it is not reviewable by this Court.
 

 The initial voluntary sentencing standards, codified at § 12-25-31 et seq., Ala. Code 1975, became effective on June 20, 2003. Section 12-25-31, Ala.Code 1975, states the purpose of the Act, in pertinent part, as follows:
 

 “(a) It is essential that Alabama manage its criminal justice system in the manner best able to protect public safety and make the most effective and efficient use of correctional resources. Based on the findings and recommendations of the Alabama Sentencing Commission, the Legislature finds that all of the following are necessary to protect public safety by providing a fair, effec
 
 *256
 
 tive, and efficient criminal justice system;
 

 “(1) Voluntary sentencing standards used to guide judicial decision makers in determining the most appropriate sentence for convicted felony offenders.
 

 “(2) The abolition of traditional parole and good time credits for convicted felons.
 

 “(3) The availability of a continuum of punishment options.”
 

 Section 12 — 25—34(a)(3) and (4), Ala.Code 1975, as amended effective October 1, 2006, further states:
 

 “(3) The commission shall develop and present the initial voluntary sentencing standards to the Legislature before or during the 2006 Regular Session. These standards shall be introduced in the 2006 Regular Session and shall become effective on October 1 following the 2006 Regular Session, if approved by an act of the Legislature passed during that session.
 
 The initial voluntary sentencing standards based, on sentences imposed, shall apply to convictions for felony offenses sentenced on or after [October 1, 2006] and committed before the effective date of the voluntary truth-in-sentencing standards.
 

 “(4)
 
 The commission shall develop and present voluntary truth-in-sentencing standards to the Legislature before or during the 2009 Regular Session. These standards shall be introduced in the 2009 Regular Session and shall become effective on October 1 following the 2009 Regular Session, if approved by an act of the Legislature passed during that session. The voluntary truth-in-sentencing standards shall apply only to felony offenses committed on or after the effective date of these standards.”
 

 (Emphasis added.)
 

 Although the initial voluntary sentencing standards have been enacted, the next stage, the voluntary truth-in-sentencing standards, have yet to be enacted.
 

 Section 12-25-36, Ala.Code 1975, provides, in pertinent part:
 

 “When a judge sentences based on the voluntary truth-in-sentencing standards,
 
 all of the following rules shall apply:
 

 “(3) The minimum term of sentence shall be consistent with the sentence range recommended in the voluntary truth-in-sentencing standards for the worksheet score of an offender. No offender sentenced to incarceration may be released from incarceration before the expiration date of the minimum term of sentence.”
 

 (Emphasis added.)
 

 The sentencing guidelines and worksheets that were adopted when the initial voluntary sentencing standards became effective in 2006 recommend that two worksheets be completed for each eligible offense.
 
 [3]
 
 The worksheets separate the offenses into three categories: offenses against the person, property offenses, and drug offenses. The first worksheet concerns whether the guidelines recommend a prison or nonprison sentence. This worksheet assesses the nature of the current offense, prior felony convictions, pri-
 
 *257
 
 or incarceration on a sentence of one year or more, the number of juvenile adjudications, and whether a deadly weapon was used in the commission of the offense. The second worksheet concerns the length of sentence recommended by the guidelines. This worksheet assigns numerical values to the current conviction, the number of prior felony convictions, the number of prior sentences for one year or more, and the number of prior sentences imposed that were for less than one year. At the end of each worksheet is the following statement: “Reason recommendation not accepted.” Also, the general instructions for completing the worksheets state: “Once a sentence has been selected from the recommended sentence range, it is up to the sentencing judge to decide how it shall be imposed.” General instruction no. 7, p. 2.
 

 Crittenden pleaded guilty to unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. According to the initial voluntary sentencing guidelines she was eligible for consideration under the Act. Thus, the court completed the worksheet entitled “Drug Prison In/Out.” Based on the nature of the offense and the number of prior felony convictions Crittenden’s total score was “11.” For a score of “11,” the guidelines recommend a term of imprisonment. The second worksheet, the “Drug Prison Sentence Length Worksheet,” was then completed. Based on the nature of the offense and the number of her prior felony convictions Crittenden scored a “164.” The guidelines recommend that for a score of 164 Crittenden receive a straight sentence of between 30 to 104 months. The circuit court sentenced Crittenden to a straight 80-month term of imprisonment and stated in its sentencing order: “The defendant is not to be released from incarceration before the expiration of that minimum term. [§ 12-25-36(3) ].”
 

 Section 12 — 25—34(c), Ala.Code 1975, addresses existing sentencing-enhancement provisions and states:
 

 “Voluntary sentencing standards shall take into account and include statewide historically based sentence ranges, including all applicable statutory minimums and sentence enhancement provisions,
 
 including the Habitual Felony Offender Act,
 
 with adjustments made to reflect current sentencing policies.
 
 No additional penalties pursuant to any sentence enhancement statute shall apply to sentences imposed based on the voluntary sentencing standards.”
 

 (Emphasis added.)
 
 [4]
 

 The worksheets authorized by the Act not only specifically reference the HFOA, but also assign a numerical reference number to the total number of prior felony convictions a defendant being sentenced under the Act has obtained. “ ‘The well settled principle is that the last expression of the legislative will is the law in case of conflicting provisions of the statute on the same subject, and the last enacted in point of time prevails.’ ”
 
 Ex parte McCormick,
 
 932 So.2d 124, 139 (Ala.2005), quoting
 
 Middleton v. General Water Works & Electric Corporation,
 
 25 Ala.App. 455, 456, 149 So. 351, 352 (1933).
 

 Also, the Alabama Sentencing Commission’s publication entitled “Initial Voluntary Sentencing Standards and Worksheets” contains a section of frequently asked questions. Question number 16 states: “How do you decide if an offender is sentenced under the standards or the
 
 *258
 
 Habitual Felony Offender Act?” The answer states: “This is a matter of judicial discretion. Additionally, the [district attorney] may make a recommendation as to which should be applied.”
 

 “[I]n interpreting a statute, a court accepts an administrative interpretation of the statute by the agency charged with its administration, if that interpretation is reasonable.... Absent a compelling reason not to do so, a court will give great weight to an agency’s interpretations of a statute and will consider them persuasive.”
 

 State v. Pettaway,
 
 794 So.2d 1153, 1157 (Ala.Civ.App.2001).
 

 Though there are few cases addressing the Act, the Alabama Supreme Court in
 
 State v. Jones,
 
 13 So.3d 915 (Ala.2008), recently considered a mandamus petition filed by the State after a trial judge suspended the confinement portion of the split sentence he had imposed on Jones after Jones pleaded guilty to distributing a controlled substance. Jones had 3 prior felony convictions, the drug sale occurred within 5 miles of a school, and Jones faced a mandatory 25-year sentence if sentenced under the HFOA and the school-yard-enhancement statute. The facts of
 
 Jones
 
 are very similar to the facts presented in this case.
 
 [5]
 
 In discussing the scope of the Act, the Supreme Court stated:
 

 “Section 12-25-34 directed the Alabama Sentencing Commission (‘the Commission’) to develop statewide voluntary sentencing standards and to present those standards to the legislature over a three-year period beginning in 2004. On September 30, 2005, the Commission adopted the ‘initial voluntary sentencing standards’ (hereinafter ‘the standards,’ ‘the initial standards,’ or ‘the voluntary sentencing standards’), along with accompanying worksheets and instructions. See § 12-25-34(a)(3); § 12-25-34.1. The legislature approved the initial standards, along with the accompanying worksheets and instructions, for implementation effective October 1, 2006. § 12-25-34.1, Ala.Code 1975. According to § 12-25-34(a)(4), the initial standards are scheduled to be replaced by the ‘voluntary truth-in-sentencing standards,’ which the Commission is to present for approval during the 2009 regular session of the Alabama Legislature; if approved, the voluntary truth-in-sentencing standards will be effective October 1,2009.[
 
 6
 
 ]
 

 “.... Thus, each offender sentenced under the initial standards is given a sentence-disposition recommendation (prison or non-prison) and a sentence-length recommendation. Although the sentencing court must ‘consider’ the initial standards and the worksheets, the court may decline to follow the recommendations resulting from the application of the initial standards and instead impose a sentence ‘outside the voluntary sentencing standards in accordance with existing law.’ § 12-25-35(c), Ala.Code 1975.”
 

 13 So.3d at 916-17.
 

 The Alabama Supreme Court further stated:
 

 
 *259
 
 “Section § 12-25-35(f) provides: ‘Failure to follow any or all of the provisions of this section, or failure to follow any or all of the provisions of this section in the prescribed manner, shall not be reviewable on appeal or the basis of any other post-conviction relief.’ The initial standards were patterned after Virginia’s Sentencing Guidelines, and § 12-25-35(f) is nearly identical to § 19.2-298.01.F, Va.Code Ann. See Initial Voluntary Sentencing Standards & Worksheets 124 (‘[The initial standards] were patterned after Virginia’s guidelines and are voluntary and not subject to appellate review.’). Virginia’s courts have interpreted § 19.2-298.01.F as permitting appellate review of a sentence imposed under Virginia’s guidelines for the limited purpose of determining if the sentence is within the range recommended by the those guidelines. In
 
 Hunt v. Commonwealth,
 
 25 Va.App. 395, 404-05, 488 S.E.2d 672, 677 (1997), the Court of Appeals of Virginia stated:
 

 “ ‘The sentencing guidelines are not binding on the trial judge.
 
 Belcher v. Commonwealth,
 
 17 Va.App. 44, 45, 435 S.E.2d 160, 161 (1993). Rather, they are a tool designed to assist the judge in fixing an appropriate punishment.
 
 Id.
 
 It is well-settled that “[i]f the sentence was within the range set by the Legislature [for the crime with which the defendant was convicted], an appellate court will not interfere with the judgment.”
 
 Hudson v. Commonwealth,
 
 10 Va.App. 158, 160-61, 390 S.E.2d 509, 510 (1990).’
 

 “Thus, under Virginia’s corresponding provision to § 12-35-25(f), Ala.Code 1975, an appellate court’s review of a sentence imposed under the initial standards is ‘limited to whether the sentence fell within the permissible statutory range.’
 
 Smith v. Commonwealth,
 
 26 Va.App. 620, 626, 496 S.E.2d 117, 120 (1998).”
 

 Jones,
 
 13 So.3d at 919-20.
 

 The implication of the Supreme Court’s decision in
 
 Jones
 
 is that the Act takes precedence over other mandatory sentencing statutes if a trial judge elects to sentence a defendant under the Act. Had application of the HFOA or the drug-enhancement provisions been mandatory and jurisdictional, as the State asserts, the Supreme Court would not have affirmed the circuit court’s sentence in
 
 Jones
 
 imposed pursuant to the voluntary sentencing standards. The appellate courts of Alabama have a duty to notice jurisdictional defects
 
 ex mero motu.
 
 See
 
 State v. Isbell,
 
 955 So.2d 476 (Ala.Crim.App.2006).
 

 Based on the plain language of the Act, the Alabama Sentencing Commission’s interpretation of the Act, and the Supreme Court’s opinion in
 
 Jones,
 
 we conclude that the circuit court acted within its discretion in electing to follow the voluntary sentencing standards and not the HFOA. The Act gives a trial judge discretion to either sentence a defendant pursuant to the voluntary sentencing standards or pursuant to the HFOA. This is consistent with the principles of sentencing adopted by the Alabama Supreme Court in Rule 26.8, Ala.R.Crim.P. This Rule states:
 

 “The sentence imposed in each case should call for the least restrictive sanction that is consistent with the protection of the public and the gravity of the crime. In determining the sentence, the court should evaluate the crime and its consequences, as well as the background and record of the defendant and give serious consideration to the goal of sentencing equality and the need to avoid unwarranted disparities.
 

 “Judges should be sensitive to the impact their sentences have on all components of the criminal justice system and
 
 *260
 
 should consider alternatives to long-term institutional confinement or incarceration in cases involving offenders whom the court deems to pose no serious danger to society.”
 

 As stated above, Judge Jones’s sentencing order does reference § 12-25-36(3), Ala.Code 1975, which provides, in pertinent part: “No offender sentenced to incarceration may be released from incarceration before the expiration date of the minimum term of sentence.” This statute is entitled: “Sentencing under the voluntary truth-in-sentencing standards.” However, the voluntary truth-in-sentencing standards have not yet been enacted; therefore, this statute would not apply to Crittenden’s sentence. The question then becomes — does this discrepancy subject Crittenden’s sentence to appellate review by this Court?
 

 Section 12-25-35(c), Ala.Code 1975, addresses appellate review of sentences imposed pursuant to the Act:
 

 “In any felony cases in which the trial court imposes a sentence that departs from the voluntary standards, and sentences outside the voluntary sentencing standards in accordance with existing law, the court may provide a brief written reason for the departure.
 
 Neither the departure nor the reason stated for the departure shall be subject to appellate review
 
 but shall be supplied to the commission for future consideration concerning modification of the voluntary sentencing standards and for statistical purposes only.”
 

 (Emphasis added.)
 

 The Alabama Supreme Court in
 
 Jones
 
 noted that Alabama’s voluntary sentencing standards were patterned after Virginia’s, and it looked to Virginia caselaw to resolve the issue presented in that case. In
 
 Belcher v. Commonwealth,
 
 17 Va.App. 44, 435 S.E.2d 160 (1993), the Virginia Court of Appeals considered whether a trial court had erred in erroneously using the sentencing guidelines that were in effect at the time of the defendant’s sentence hearing and not the time of his offense even though the newer guidelines provided for a harsher penalty. Affirming the trial court’s use of the newer sentencing standards, the Virginia Court of Appeals stated:
 

 “The guidelines are not binding on the trial judge; rather, the guidelines are merely a ‘tool’ to assist the judge in fixing an appropriate punishment.
 
 Hudson v. Commonwealth,
 
 10 Va.App. 158, 161, 390 S.E.2d 509, 511 (1990); see also
 
 Robinson v. Commonwealth,
 
 13 Va.App. 540, 542, 413 S.E.2d 661, 662 (1992). Consequently, application of the guidelines, either old or new, was voluntary. Moreover, our review of the sentencing determination here is limited to ascertaining whether the sentence falls within the range set by the legislature.”
 

 17 Va.App. at 45-46, 435 S.E.2d at 161.
 

 Crittenden’s sentence was authorized by the initial voluntary sentencing standards which became effective in 2006. According to
 
 Jones
 
 and
 
 Belcher
 
 we may review only that sentence to ensure that it is within the range of sentence recommended by the guidelines. Crittenden’s sentence is within the range; “[cjonsequently, our review of the sentence can go no further.”
 
 Jones,
 
 13 So.3d at 922.
 
 [7]
 

 For a writ of mandamus to issue the petitioner must establish: (1) a clear legal right to the relief sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so;
 
 *261
 
 (3) no other adequate remedy at law; and (4) the properly invoked jurisdiction of the reviewing court. See
 
 Ex parte McNaughton,
 
 728 So.2d 592 (Ala.1998). “A writ of mandamus is a drastic and extraordinary writ and will not be issued unless the petitioner has a clear and undisputable right to a particular result.
 
 Ex parte Sides,
 
 594 So.2d 93 (Ala.1992).”
 
 Ex parte Springer,
 
 619 So.2d 1267 (Ala.1992). The State has failed to meet its heavy burden in this case. Accordingly, this petition for a writ of mandamus is due to be denied.
 

 PETITION DENIED.
 
 [8]
 

 WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . Apparently one of Crittenden’s prior drug-possession charges had been nol prossed.
 

 [2]
 

 . This petition was filed within 7 days of the ruling that is the subject of this petition. Thus, it is timely. See
 
 Ex parte Sharp,
 
 893 So.2d 571 (Ala.2003), and Rule 21(a), Ala. R.App. P.
 

 [4]
 

 . This section does not limit its application to passage of the voluntary truth-in-sentencing standards.
 

 [5]
 

 . The State first filed a writ of mandamus in this Court attacking Jones’s sentence. We may take judicial notice of our prior records. See
 
 Hull v. State,
 
 607 So.2d 369 (Ala.Crim.App.1992).
 

 [6]
 

 . This mandamus petition also contains a copy of an affidavit executed by Lynda Flynt, executive director of the Alabama Sentencing Commission. The affidavit is attached to the State’s motion to reconsider Crittenden's sentence. According to Flynt's affidavit the truth-in-sentencing standards may not be fully adopted until 2011.
 

 [7]
 

 . Both parties appear to agree that Critten-den’s sentence is within the range recommended by the voluntary sentencing standards.
 

 [8]
 

 . Judge Windom and Judge Kellum were not members of the Court when oral arguments were held in this case. The tapes of the oral argument have been made available to them.