[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15356
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00855-CV-T-N

MUSTAFA JADEED ABDULLAH,

Plaintiff-Appellant,

versus

THE ALABAMA SENTENCING COMMISSION,
LYNDA FLYNT,
In her capacity as Director of the
Alabama Sentencing commission,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 19, 2010)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Mustafa Jadeed Abdullah, proceeding *pro se*, appeals from the district court's order adopting the magistrate judge's report and recommendation and dismissing his complaint, which was construed as an action under 42 U.S.C. § 1983. On appeal, Abdullah argues that Alabama's Sex Offender Registration and Community Notification Act, (Ala. Act No. 2005-301) ("SORNA"), as applied to him, violates the U.S. Constitution's prohibition on *ex post facto* punishment. He also argues that his right to procedural due process was violated because state authorities did not hold a hearing to determine whether he should be subject to Alabama's SORNA requirements. Construing Abdullah's brief liberally, he contends that he had standing to bring these constitutional claims against the Alabama Sentencing Commission ("Sentencing Commission") and Lynda Flynt, the Director of the Sentencing Commission, because these are the parties responsible for drafting SORNA. Abdullah further asserts that the Sentencing Commission and Flynt are not protected by Eleventh Amendment immunity because their actions were unconstitutional.

For the reasons set forth below, we affirm.

## I.

Abdullah, proceeding *pro se*, filed a complaint, naming the following

defendants: (1) the Sentencing Commission; and (2) Flynt, in her capacity as the Director of the Sentencing Commission. Abdullah alleged that, on September 27, 2005, he finished serving a 25-year term of imprisonment for rape, and was released from state prison. Abdullah further alleged that, before his release, prison officials coerced him into signing a document acknowledging that, pursuant to the Alabama's SORNA, he would be required to comply with sex-offender registration requirements after his release from prison. According to Abdullah, Alabama's SORNA did not become effective until October 1, 2005—four days after he finished serving his sentence. Abdullah thus contended that SORNA, as applied to him, violated the U.S. Constitution's prohibition against *ex post facto* punishment. Abdullah also asserted that his right to procedural due process, as guaranteed by the Fourteenth Amendment to the U.S. Constitution, was violated because state authorities did not hold a hearing to address whether he should be subject to SORNA.

In his complaint, Abdullah explained that he had named Flynt and the Sentencing Commission as defendants because the Sentencing Commission was responsible for drafting "proper [l]egislation for the Alabama [s]tate [l]egislature in regard[] to [c]riminal [p]rocedure." Abdullah asserted that, by drafting legislation that subjected individuals to the *ex post facto* application of SORNA, the

3

Sentencing Commission had "violated the rights of an entire classification of citizens." Abdullah specified that, as relief, he sought the abrogation of Alabama's SORNA in its current form. He also requested a "full review" of the records in the county registries and of the records in the registries maintained by the Alabama Department of Public Safety. Abdullah asserted that, in undertaking this review, the defendants should identify all individuals who, like himself, had been subjected to the *ex post facto* application of SORNA. Abdullah further requested that, after this review was complete, any document indicating that he and other similarly situated individuals are required to comply with Alabama's SORNA should be corrected or removed from the state registries.

Flynt and the Sentencing Commission filed a motion requesting the dismissal of Abdullah's complaint. Flynt and the Sentencing Commission argued, among other things, that they were entitled to sovereign immunity, pursuant to the Eleventh Amendment to the U.S. Constitution and Article I, § 14 of the Alabama Constitution.

After additional pleadings were filed, the magistrate judge entered a report and recommendation, recommending that the court grant Flynt's and the Sentencing Commission's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). In the report and recommendation, the magistrate noted that Abdullah apparently

4

challenged the 2005 amendments to Alabama's SORNA, which increased the regulations applicable to sex offenders and the penalties for failing to comply with these regulations. The magistrate found that it was required, *sua sponte*, to consider whether Abdullah had standing to bring the complaint. The magistrate determined that Abdullah lacked standing because he could not meet the burden of establishing that his alleged injury could be redressed by a decision in his favor. Relying on provisions of the Alabama Code, the magistrate determined that the Sentencing Commission is part of Alabama's judicial branch, and that it is responsible for reviewing sentencing laws and practices, and recommending changes in these laws and practices to the state legislature, the governor, the Attorney General, and the Alabama Supreme Court. The magistrate found that the Sentencing Commission lacks power to enact legislation and, as a result, that it could not be enjoined to modify legislation, or direct others regarding the enforcement of legislation. The magistrate further determined that Flynt "ha[d] an even more tenuous connection to the injunctive relief sought," because she was not a voting member of the Sentencing Commission, and therefore did not have the power to vote to recommend a change in legislation. Accordingly, the magistrate concluded that, even assuming that Abdullah's constitutional claims were meritorious, the defendants lacked the power to "correct" legislation or purge law

5

enforcement registries, and Abdullah thus had failed to establish that he had standing to pursue his claims against Flynt and the Sentencing Commission.

The magistrate also found that, even if Abdullah had standing to pursue his claims against Flynt and the Sentencing Commission, Abdullah's claims were barred by the Eleventh Amendment. Accordingly, because Abdullah lacked standing to bring his claims against the defendants, and because his claims were barred by the Eleventh Amendment, the magistrate recommended that the court dismiss the complaint.

Abdullah filed written objections to the report and recommendation, arguing that he had standing to bring his claims against the Sentencing Commission and Flynt because they were responsible for drafting Alabama's SORNA. Abdullah asserted that the Sentencing Commission and Flynt could provide him with relief by recommending changes in the law. Construing Abdullah's objections liberally, he asserted that Flynt was properly named as a defendant because, as the Director of the Sentencing Commission, she presumably had the power to approve or disapprove of the Sentencing Commission's recommendations.

The district court entered an opinion, in which it construed Abdullah's complaint as an action brought under 42 U.S.C. § 1983. The court stated that, after conducting a *de novo* review of Abdullah's objections to the magistrate's report

6

and recommendation, it found that Abdullah's objections should be overruled. Accordingly, the court adopted the report and recommendation, and entered a judgment granting the Sentencing Commission's and Flynt's motion to dismiss.

**II.**

"We review *de novo* questions concerning . . . subject matter jurisdiction, including standing." *Elend v. Basham*, 471 F.3d 1199, 1203 (11th Cir. 2006). A dismissal for lack of standing is reviewed *de novo*. *Scott v. Taylor*, 470 F.3d 1014, 1017 (11th Cir. 2006). We liberally construe a *pro se* litigant's pleadings. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Because standing is a jurisdictional requirement, a court is obligated to consider this issue *sua sponte*. *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359-60 (11th Cir. 2007).

A plaintiff must have standing to bring a suit before a court. *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1273-74 (11th Cir. 2001). "The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Elend*, 471 F.3d at 1205 (quotation omitted). In order to establish that he has standing, a plaintiff must show that: (1) he has suffered an injury in fact; (2) there is a causal connection between the injury and the

7

defendant's conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Wooden*, 247 F.3d at 1273-74. "These three elements are the irreducible minimum required by the Constitution for a plaintiff to proceed in federal court." *Id.* at 1274 (quotation omitted). It is the plaintiff's burden to demonstrate that he has standing to bring a complaint. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

In order to satisfy the redressability requirement, a party seeking injunctive relief against a public official or entity must show that the public official possesses the authority to provide relief or prevent future harm. *See Doe v. Pryor*, 344 F.3d 1282, 1285-86 (11th Cir. 2003) (holding that the plaintiff failed to show that she met the redressability requirement in her suit against the Alabama Attorney General, as "nothing the Attorney General could be ordered to do or refrain from doing would redress the [plaintiff's] injuries").

Under Alabama law, the purpose of the Sentencing Commission, an agency within the judicial branch of the Alabama government, is "to review existing sentence structure, including laws, policies, and practices, and to determine and recommend to the Legislature and Supreme Court changes regarding the criminal code, criminal procedures, and other aspects of sentencing policies and practices

8

appropriate for the state." Ala. Code §§ 12-25-2(a), 12-25-1; *see also* Ala. Code

§ 12-25-9(1), (3); *State v. Crittenden*, 17 So.3d 253, 255-56 (Ala. Crim. App. Ct.

2009) (noting that the Alabama legislature had enacted certain sentencing

standards based upon a recommendation by the Alabama Sentencing Commission).

The Sentencing Commission acts by means of a majority vote by its members.

Ala. Code § 12-25-6(c). The Director of the Sentencing Commission is a judicial

employee, and is not a voting member of the Sentencing Commission. Ala. Code

§ 12-25-12(a); *see* Ala. Code § 12-25-3(a).

Here, the magistrate and the district court correctly found that Abdullah

lacked standing to bring his claims against Flynt and the Sentencing Commission,

because he did not meet his burden of establishing that Flynt and the Sentencing

Commission possessed the authority to take any action that would redress his

alleged injury.[1] *See Doe*, 344 F.3d at 1285-86. In his complaint, Flynt stated that

he sought the following relief: (1) the abrogation of Alabama's SORNA in its

present form; and (2) a review of state records, to be followed by the purging of

any records stating that Abdullah and other similarly situated individuals were

subject to Alabama's SORNA requirements. However, the Sentencing

---

[1] Although the Sentencing Commission and Flynt contend that Abdullah concedes, in his brief on appeal, that he lacked standing to bring his constitutional claims against them, our review of Abdullah's brief does not show that he makes such a concession.

Commission is empowered only to make recommendations concerning criminal legislation to the state's legislative and the executive branches—it is not empowered to enact, modify, repeal, or enforce legislation. *See* Ala. Code §§ 12-25-2(a), 12-25-9(1), (3); *Crittenden*, 17 So.3d at 255-56. Accordingly, the Sentencing Commission lacks the authority to abrogate Alabama's SORNA, or purge the state's sex-offender registration records. At best, the Sentencing Commission could recommend that the state legislature abrogate or modify SORNA, but this recommendation would not be binding. *See* Ala. Code §§ 12-25-2(a), 12-25-9(1), (3); *Crittenden*, 17 So.3d at 255-56. As a result, Abdullah did not establish redressability, because the Sentencing Commission lacks authority to take any action providing Abdullah with the relief he seeks. Moreover, as the magistrate noted, Flynt lacked the authority to even make a recommendation to the state's legislative and executive branches, as she lacked the ability to vote on the Sentencing Commission's actions.

Because Abdullah lacked standing to bring his claims against Flynt and the Sentencing Commission, his arguments regarding the merits of his constitutional claims are irrelevant. Moreover, because the court properly dismissed Abdullah's complaint for lack of standing, we need not address whether the Sentencing

10

Commission and Flynt were protected by Eleventh Amendment immunity.

**AFFIRMED.**