KELLUM, Judge.
The appellant, Donovan Myguel Sis-trunk, pleaded guilty to unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. The circuit court sentenced Sistrunk to a total of 25 years’ imprisonment: 15 years’ imprisonment for the unlawful-distribution conviction plus a 5-year enhancement pursuant to § 13A-12-250, Ala.Code 1975, because the offense took place within a 3-mile radius of a school, and a 5-year enhancement pursuant to § 13A-12-270, Ala.Code 1975, because the offense took place within a 3-mile radius of a public-housing project. The circuit court ordered Sistrunk to pay a fine of $5,000, $2,500 to the Crime Victims Compensation Fund, court costs, and attorney fees. Sistrunk timely filed a motion to set aside his guilty plea on April 2, 2012, which the circuit court denied on the same day. This appeal followed.
I.
Sistrunk contends that the circuit court abused its discretion in denying his motion to withdraw his guilty plea. Specifically, Sistrunk contends that he did not knowingly, voluntarily, and intelligently enter his guilty plea because the circuit court failed to advise him of the minimum and maximum sentence range for his offense as required by Rule 14.4(a)(l)(ii), Ala. R.Crim. P.
Sistrunk raises this issue for the first time on appeal. In his April 2, 2012, motion to withdraw his guilty plea, Sis-trunk moved to set aside his guilty plea solely on the basis that “he believe[d] his sentence was not in the interests of justice.” (C. 30.) Thus, Sistrunk limited his challenge to the actual sentence he received and did not challenge, as he does on appeal, the deficiencies in the circuit court’s guilty-plea colloquy. “ ‘ “The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.” ’ Culp v. State, 710 So.2d 1357, 1359 (Ala.Crim.App.1996), quoting Ex parte Frith, 526 So.2d 880, 882 (Ala.1987).” Ginn v. State, 894 So.2d 793, 795 (Ala.Crim.App.2004). “ ‘[CJlaims relating to the voluntariness of guilty pleas must first be presented to the trial court or they are waived on direct appeal.’ ” Danzey v. State, 703 So.2d 1019 (Ala.Crim.App.1997), quoting Anderson v. State, 668 So.2d 159, 162 (Ala.Crim.App.1995). Because the specific claim Sistrunk raises on appeal was not first presented to the circuit court, it is not properly before this Court for review. Ginn, supra.
II.
Sistrunk also contends that the circuit court abused its discretion in sentencing him to 25 years’ imprisonment because, he argues, the circuit court imposed a sentence in accordance with both the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975 (“the HFOA”), and the voluntary sentencing guidelines. The State concedes on appeal that the “hybrid” sentence imposed by the circuit court was not authorized under Alabama law.
The record indicates that after Sistrunk pleaded guilty, the following exchange occurred during sentencing:
*207 “THE COURT: All right. What is the recommendation of the State?
“[PROSECUTOR:] Judge ... my recommendation would be twenty-one years, a five thousand dollar fine, and a twenty-five hundred dollar Victim Compensation Fund Assessment.
“THE COURT: That does not include the enhancement?
“[PROSECUTOR:] No, sir, that does not.
“[DEFENSE COUNSEL:] Your Hon- or, I have prepared the guidelines. And I do have a case from the Court of Criminal Appeals out of Lauderdale County which says that the Court can follow the guidelines. Your Honor, if the Court gives Mr. Sistrunk the minimum, the minimum would be three hundred and sixty months. The guidelines call for a maximum of a hundred and fifty-four months.
[[Image here]]
“And, Judge, I would ask the Court to take into consideration the huge disparity between the guidelines and the minimum sentence of three hundred and sixty months.
“And, obviously, Judge if the Court is not going to follow the guidelines, we would like something between a hundred and fifty four and three sixty. And, certainly, we would, at least, ask for the minimum.
“THE COURT: Well, even with the minimum, with two enhanced five years, that would bring it up to twenty-three years.
[[Image here]]
“[DEFENSE COUNSEL:] We would ask for any mercy the Court would consider.
[[Image here]]
“THE COURT: All right. I’m going to split between the guidelines and the [HFOA] and sentence him to a hundred and eighty months with an additional ten years for the enhanced punishment of a drug sale near a school and near a housing project for a total sentence of twenty-five years.”
(R. 7-10.)
The Alabama Sentencing Reform Act of 2008 (“the Act”), as amended effective October 1, 2006, created voluntary sentencing standards to, among other things, assist trial judges in determining the most appropriate sentence for convicted felony offenders. See § 12 — 25—B1 (a)(1), Ala.Code 1975. “The Act gives a trial judge discretion to either sentence a defendant pursuant to the voluntary sentencing standards or pursuant to the HFOA.” State v. Crittenden, 17 So.3d 253, 259 (Ala.Crim.App.2009). If a trial judge sentences a defendant pursuant to the voluntary sentencing standards, our review of the sentence imposed is “ ‘limited to whether the sentence fell within the permissible statutory range.’ Smith v. Commonwealth, 26 Va.App. 620, 626, 496 S.E.2d 117, 120 (1998).” State v. Jones, 13 So.3d 915, 920 (Ala.2008). Section 12-25-35(c), Ala.Code 1975, of the Act addresses appellate review of sentences imposed pursuant to the Act and provides:
“In any felony case in which the trial court imposes a sentence that departs from the voluntary standards, and sentences outside the voluntary sentencing standards in accordance with existing law, the court may provide a brief written reason for the departure. Neither the departure nor the reason stated for the departure shall be subject to appellate review....”
(Emphasis added.)
In the instant case, the record indicates that the circuit court declined to choose whether to sentence Sistrunk pur *208 suant to the voluntary sentencing standards or pursuant to the HFOA but, instead, chose to “split between” the two and created a “hybrid” sentence. Defense counsel provided the circuit court with worksheets authorized by the Act that recommended Sistrunk receive a straight sentence of between 81 and 154 months. The circuit court, however, declined to sentence Sistrunk within the range provided and instead went “outside the voluntary sentencing standards” and sentenced Sistrunk to 180 months’ imprisonment.
Sistrunk, who was convicted of a Class B felony, see § 13A-12-211(b), Ala.Code 1975, and who had more than three prior felony convictions, was subject to a mandatory sentence under the HFOA of “imprisonment for life or any term of not less than 20 years.” § 13A-5-9(c)(2), Ala.Code 1975. Further, the two five-year enhancements also were mandatory, pursuant to §§ 13A-12-250 and -270, Ala.Code 1975, because the sale occurred within a three-mile radius of a school and within a three-mile radius of a public housing project. Therefore, if Sistrunk had been sentenced under the HFOA, his mandatory minimum sentence would have been 30 years’ imprisonment. Accordingly, the 25-year sentence imposed by the circuit court in the instant case was not authorized under the HFOA.
Likewise, the circuit court’s sentence under the voluntary sentencing standards was improper because it exceeded the maximum sentence recommended by the guidelines. Further, any imposition of mandatory enhancements under the guidelines is prohibited. See § 12-25-34(c), Ala.Code 1975 (“No additional penalties pursuant to any sentence enhancement statute shall apply to sentences imposed based on the voluntary sentencing standards.”). Therefore, the circuit court could not impose a sentence under the voluntary sentencing standards and then impose the enhancements under §§ 13A-12-250 and -270, Ala.Code 1975.
Sistrunk’s guilty-plea conviction is affirmed; however, for the reasons set forth above, we remand this case to the Houston Circuit Court for that court to resentence Sistrunk on his unlawful-distribution conviction pursuant to either the HFOA or the voluntary sentencing standards. See Crittenden, supra.
Moreover, the record reflects that the circuit court failed to assess the mandatory fine under the Demand Reduction Assessment Act, § 13A-12-281, Ala.Code 1975, and the mandatory Alabama Forensic Services Trust Fund fee as provided for in § 36-18-7(a), Ala.Code 1975, for Sistrunk’s drug conviction. We therefore also instruct the circuit court to assess the appropriate fines and fees as mandated by § 13A-12-281 and § 36-18-7(a).
Due return should be filed in this Court no later than 42 days from the date of this decision.
AFFIRMED AS TO CONVICTION; REVERSED AS TO SENTENCE; AND REMANDED FOR NEW SENTENCING PROCEEDINGS. *
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

 Note from the reporter of decisions: On October 26, 2012, on return to remand, the Court of Criminal Appeals affirmed, without opinion.