COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges O'Brien and Lorish

ROBERT ALVIN LITTLETON, JR.

v.      Record No. 0655-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 11, 2023

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(A. Hunter Jackson; Evans Oliver PLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Maureen E. Mshar, Assistant
Attorney General, on brief), for appellee.


Robert Alvin Littleton, Jr., appeals a judgment of the trial court revoking his previously

suspended sentences and imposing seven years and five months of active incarceration. The

appellant contends that the trial court abused its discretion by revoking the entirety of his suspended

sentences and imposing an active sentence "almost five times more . . . than the high-end of the

sentence recommended by the Virginia sentencing guidelines." After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm

the trial court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

In 2017, the trial court convicted the appellant of two counts of possession of a Schedule I or II controlled substance with intent to distribute and one count of receiving a stolen firearm. The trial court sentenced him to a total of twenty years' incarceration. That time was composed of ten years for one of the possession-with-intent-to-distribute convictions and five years each for the remaining drug and firearm convictions. The court ordered the appellant to serve two years and seven months of the ten-year drug sentence and suspended the combined remaining sentence of seventeen years and five months on various conditions.

In August 2020, the appellant was released from incarceration. After his release, he participated in a residential program, which he successfully completed in November 2020. About seven months later, on June 28, 2021, the appellant's probation officer filed a major violation report alleging that in April and May of that year, he failed to comply with the terms and conditions of his probation. The probation officer stated that the appellant failed to report to probation on four occasions and had unpaid court costs of $3,278.31. He also tested positive for marijuana and amphetamines. Further, on June 23, 2021, the appellant was arrested in Augusta County for possession of a Schedule I or II controlled substance with intent to distribute for an offense date of April 6. An addendum to the initial violation report indicated that he was later convicted of that offense.

At the appellant's probation violation hearing in April 2022, the trial court found that he violated the terms and conditions of his suspended sentences for the 2017 convictions. During sentencing, the appellant admitted to some of his new drug-related conduct, stating that he made some "bad choices" after he received his "stimulus check" as part of the government's Covid

---

[1] On appeal of the revocation of a suspended sentence, we review the evidence in the light most favorable to the Commonwealth, as the party who prevailed below. *Jenkins v. Commonwealth*, 71 Va. App. 334, 339 n.2 (2019).

"response," but he claimed that he possessed the drugs only for personal use. He further testified that he managed to avoid violating his probation for nine months, asserting that his previous record had "never been more than thirty days." The appellant said that within ten days of his release from incarceration, he obtained employment at a poultry plant, which was his first long-term job. He also noted that he obtained his own apartment and paid rent and utilities for the first time. Finally, he said he made several payments toward his court costs.

At the conclusion of the evidence, the Commonwealth requested that the trial court revoke a "considerable amount" of the appellant's suspended time. The appellant asked that the court impose a sentence on "the high end of the guidelines," which defense counsel represented "would put him at four years six months total."[2]

The trial court found that the discretionary sentencing guidelines were "wholly inadequate." The court noted the appellant's "extensive history" of drug distribution-related offenses and the fact that he was on probation for intent-to-distribute convictions when he violated his probation by committing "the same exact offense" in a different jurisdiction approximately eight months after his release. It revoked the appellant's suspended sentences and declined to resuspend any of that time, resulting in the imposition of seven years and five months on one of the intent-to-distribute convictions, five years on the other one, and five years on the firearm conviction. The court

---

[2] Effective July 1, 2021, the legislature enacted Code § 19.2-306.1. *See* 2021 Va. Acts Spec. Sess. I ch. 538. The addition of that code section required a modification in the way that recommended sentence ranges are calculated under the discretionary probation violation sentencing guidelines. *See* Va. Crim. Sent'g Comm'n, Va. Sent'g Guidelines: Sent'g Revoc. Rep. & Prob. Violation Guidelines 9 (1st ed. July 1, 2021). In this case, the only discretionary sentencing guidelines for the revocation contained in the record were prepared after July 1, 2021, and they reflect a recommended sentencing range between six months and one year and six months of incarceration. Defense counsel recited that guidelines range while questioning the appellant during sentencing. During argument to the court, however, defense counsel referred to "four years six months total." Although not clear from the record, that higher figure may have included the three years the appellant testified that he received for his new drug conviction in Augusta County.

directed, however, that all of the sentences would run concurrently, and it released the appellant from probation on those charges, noting that he was "getting a minimized exposure in the future" as a result.

The issue before the Court is a narrow one. The appellant contends that the trial court erred by imposing too much active incarceration following its revocation of his three previously suspended sentences.

## I. Standard of Review

Whether to revoke a suspended sentence "lies in the discretion of the trial court." *Carroll v. Commonwealth*, 280 Va. 641, 654 (2010) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 326 (1976)). Such a decision will not be reversed absent a "clear" abuse of that discretion. *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). An abuse of discretion can occur "when a relevant factor that should have been given significant weight is not considered; when an irrelevant . . . factor is considered and given significant weight; [or] when [only] proper factors . . . are considered, but the court, in weighing those factors, commits a clear error of judgment." *Dang v. Commonwealth*, 287 Va. 132, 146 (2014) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps.*, 282 Va. 346, 352 (2011)). "[T]he phrase 'abuse of discretion' means that the [trial] court 'has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Ellis v. Commonwealth*, 68 Va. App. 706, 711 (2018) (first alteration in original) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "This bell-shaped curve of reasonability governing our appellate review rests

on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Id.* (quoting *Sauder*, 289 Va. at 459).

## II. Revocation

The appellant argues that the trial court abused its discretion by imposing a term of active incarceration "almost five times longer than the high-end recommended by [his] sentencing guidelines" and by failing to "give consideration to multiple factors that should have been given significant weight."

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A) (2020).[3] Under the statute in effect when this revocation proceeding began with the filing of the probation revocation report, once the trial court found that the appellant had violated the terms of the suspension, it was obligated to revoke the suspended sentences, and those sentences were in "full force and effect." Code § 19.2-306(C)(ii) (2020).[4] The trial court was then permitted—but not required—to resuspend all or part of the sentences. *Id.*; *see Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

---

[3] Code § 19.2-306(A) remained unchanged during all times relevant to the revocation proceeding at issue in this case. *Compare* 2016 Va. Acts ch. 718, *with* 2021 Va. Acts Spec. Sess. I ch. 538.

[4] Code § 19.2-306(C) was amended effective July 1, 2021. *See* 2021 Va. Acts Spec. Sess. I ch. 538. The appellant, however, does not argue that the statutory amendment applied in his case, and this Court recently held that it does not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 84 n.4 (2022). Moreover, the record establishes that the appellant violated his probation by incurring a new criminal charge and conviction in another jurisdiction. The new statutory framework, like the old one, grants the trial court discretion to impose the balance of a previously suspended sentence when, during the suspension period, a probationer "has violated another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction." *See* 2021 Va. Acts Spec. Sess. I ch. 538; Code § 19.2-306.1(B) (2021).

Based on the contents of the major violation report and addendum, the trial court had sufficient cause to revoke the suspended sentences. *See* Code § 19.2-306(A), (C). In considering whether to resuspend some or all of the revoked sentences, it was within the trial court's purview to weigh any mitigating factors that the appellant presented, including his assumption of responsibility for violating his probation, his ability to secure stable employment, and his success in obtaining an apartment, paying rent and utilities, and satisfying some of his court costs. Balanced against those mitigating circumstances, however, was the appellant's repeated failure to report to his probation officer, his history of distribution charges, and the fact that he violated his probation on his previous distribution convictions by committing and being convicted of a new distribution offense. Additionally, he failed to make substantial progress in paying his court costs and continued using controlled substances as evidenced by his positive tests for marijuana and amphetamines.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price v. Commonwealth*, 51 Va. App. 443, 449 (2008).

Having reviewed the record, we hold that the sentences the trial court imposed did not represent an improper exercise of discretion under the circumstances of this case. Considering the appellant's multiple violations of the conditions of his suspended sentences including his commission of a new offense, the trial court reasonably concluded that he was not amenable to rehabilitation. The appellant failed to make productive use of the leniency that had been extended to him. *See Alsberry*, 39 Va. App. at 321-22; *cf. Brittle v. Commonwealth*, 54 Va. App.

505, 520 (2009) (affirming the court's imposition of a five-year sentence with three years suspended for third-offense petit larceny because the sentence was "not excessive on its face").

Additionally, the probation violation guidelines "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." *See Belcher v. Commonwealth*, 17 Va. App. 44, 45 (1993) (quoting *Hudson v. Commonwealth*, 10 Va. App. 158, 161 (1990)); Va. Crim. Sent'g Comm'n, Va. Sent'g Guidelines: Sent'g Revoc. Rep. & Prob. Violation Guidelines 8 (1st ed. July 1, 2021) (recognizing that the probation violation guidelines are a species of "discretionary sentencing guidelines"). Code § 19.2-298.01(F) precludes appellate review of whether the trial court adhered to Code § 19.2-298.01(B). Specifically, Code § 19.2-298.01(F) states that "[t]he failure to follow any or all of the provisions of [Code § 19.2-298.01] . . . *in the prescribed manner* shall not be reviewable on appeal or [provide] the basis of any other post-conviction relief." Code § 19.2-298.01(F) (2019) (emphasis added); *see also West v. Dir. of the Dep't of Corr.*, 273 Va. 56, 65 (2007) (holding that the Virginia sentencing guidelines are discretionary); *Fazili v. Commonwealth*, 71 Va. App. 239, 248-49 (2019) (holding that Code § 19.2-298.01(F) prohibits appellate review of a trial court's failure to follow the discretionary sentencing guidelines). In view of this broad statutory exemption from appeal, we hold that the appellant's claim that the trial court's written explanation in the sentencing revocation report does not satisfy Code § 19.2-298.01(B) provides no basis for review on appeal. The trial court explained its departure from the guidelines from the bench and on the worksheet using the new guidelines. The court specifically noted the appellant's "extensive history of distributions" and his new distribution conviction. Further, it used its discretion to direct that the revoked sentences would run concurrently, noting that the appellant was "getting a minimized exposure in the future" as a result. Consequently, the appellant was given seven years and five months to serve. Although this active sentence was more than the time he requested in argument, it

was also significantly less than the seventeen years and five months the appellant could have received if the court had ordered his sentences to run consecutively.

Finally, to the extent the appellant argues that his sentences were disproportionate, this Court does not engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)); *cf. Vasquez v. Commonwealth*, 291 Va. 232, 239, 243 (2016) (rejecting an Eighth Amendment challenge to a 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

CONCLUSION

We hold that the sentences imposed represent a proper exercise of the trial court's discretion. The trial court considered the discretionary sentencing guidelines and the evidence before it in making its judgment, and the record does not establish that it failed to take into account all relevant factors or weighed them improperly. Accordingly, the trial court's judgment is affirmed.

*Affirmed.*